## UNITED STATES v. LOS ANGELES SOAP CO.

### No. 11032.

Circuit Court of Appeals, Ninth Circuit.

Jan. 29, 1946.

Rehearing Denied March 1, 1946.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Helen R. Carloss, Rigmor O. Carlsen and Harold C. Wilkenfeld, Sp. Assts. to Atty. Gen., and Charles H. Carr, U. S. Atty., and E. H. Mitchell, Asst. U. S. Atty., both of Los Angeles, for appellant.

Isadore B. Dockweiler, Thomas A. J. Dockweiler, and Frank Mergenthaler, all of Los Angeles, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Section 602½ of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 778, provided:

"(a) There is hereby imposed upon the first domestic processing of coconut oil * * * a tax of 3 cents per pound, to be paid by the processor. There is hereby imposed (in addition to the tax imposed by the preceding sentence) a tax of 2 cents per pound, to be paid by the processor, upon the first domestic processing of coconut oil * * * except that the tax imposed by this sentence shall not apply when it is established, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, that such coconut oil * * * is wholly the production of the Philippine Islands or any other possession of the United States * * *. All taxes collected under this section with respect to coconut oil wholly of Philippine production * * * shall be held as a separate fund and paid to the Treasury of the Philippine Islands * * *[1]

---

[1] Subsection (a) of § 602½ was amended by § 702 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 955, and by § 703 of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, page 1145, but the amendments are not material here.

"(b) Each processor required to pay the tax imposed by this section shall make monthly returns under oath in duplicate and pay the tax to the collector of internal revenue for the district in which is located his principal place of business * * *. Such returns shall contain such information and be made at such times and in such manner as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, may by regulations prescribe.[2] The tax shall, without assessment by the Commissioner or notice from the collector, be due and payable to the collector at the time so fixed for filing the return. If the tax is not paid when due, there shall be added as part of the tax interest at the rate of 1 per centum per month from the time the tax became due until paid."

Los Angeles Soap Company, hereafter called taxpayer, was at all pertinent times a processor of coconut oil which was wholly the production of the Philippine Islands. Taxpayer's processing of such oil was the first domestic processing thereof. Taxpayer was therefore required to pay, with respect to such oil, the tax imposed by the first sentence of § 602½. For each of the 16 calendar months commencing with December, 1935, and ending with March, 1937, taxpayer filed with the collector of internal revenue for the Sixth Collection District of California—the district in which its principal place of business was located—a return showing the tax payable by taxpayer for that month. These taxes and the due dates thereof were as follows:

| Month | Tax | Due date |
| --- | --- | --- |
| December, 1935 | $28,618.48 | January 31, 1936 |
| January, 1936 | 30,408.08 | February 29, 1936 |
| February, 1936 | 39,194.93 | March 31, 1936 |
| March, 1936 | 42,038.25 | April 30, 1936 |
| April, 1936 | 47,494.49 | May 31, 1936 |
| May, 1936 | 35,218.47 | June 30, 1936 |
| June, 1936 | 44,585.53 | July 31, 1936 |
| July, 1936 | 48,802.30 | August 31, 1936 |
| August, 1936 | 49,328.48 | September 30, 1936 |
| September, 1936 | 51,958.08 | October 31, 1936 |
| October, 1936 | 44,855.83 | November 30, 1936 |
| November, 1936 | 38,802.31 | December 31, 1936 |
| December, 1936 | 33,603.91 | January 31, 1937 |
| January, 1937 | 22,076.16 | February 28, 1937 |
| February, 1937 | 32,355.12 | March 31, 1937 |
| March, 1937 | 52,534.12 | April 30, 1937 |

None of these taxes was paid when due. On February 11, 1936—11 days after the December, 1935, tax ($28,618.48) became due and payable—taxpayer brought a suit in the District Court of the United States for the Southern District of California to enjoin and restrain the collector from collecting any tax then or thereafter payable by taxpayer under § 602½, on the ground that this section was unconstitutional. Thereupon, on February 11, 1936, the court issued a temporary restraining order restraining such collection, with the proviso that taxpayer should continue to file monthly returns and should "give security in the amount of * * * $28,618.48, said security to be in the form of a cashier's check of the Farmers and Merchants National Bank of Los Angeles, in said amount, said check to be made payable to the order of R. S. Zimmerman, clerk of the United States District Court, Southern District of California, said check to be deposited in the registry of the court by the said clerk pending the further order of this court, and * * * deposit monthly amounts, hereafter, as may be disclosed by the said monthly returns."

The collector moved to dismiss the suit. The motion was granted, and a decree dismissing the suit was entered.[3] Taxpayer petitioned for an order allowing an appeal from that decree and, pending such appeal, enjoining the collector from collecting any tax payable by taxpayer under § 602½. Such an order was granted on April 14, 1936, with the proviso that, pending its appeal, taxpayer should continue to file monthly returns and should "deposit in the registry of [the District] Court on or before the last day of each month the amount of tax disclosed by such monthly returns."

On May 3, 1937, while taxpayer's appeal was pending here, the Supreme Court held that § 602½ was constitutional.[4] In view of that holding, it was stipulated that taxpayer's appeal should be dismissed. It was dismissed on May 25, 1937.[5] Meanwhile taxpayer had deposited with the clerk of the District Court the amounts specified in the orders of February 11, 1936, and April

---

[2] By article 9 of Treasury Regulations 48, each processor was required to make a return for each calendar month and to file such return on or before the last day of the month following that for which it was made.

[3] Los Angeles Soap Co. v. Rogan, D.C. S.D.Cal., 14 F.Supp. 112.

[4] Cincinnati Soap Co. v. United States, 301 U.S. 308, 57 S.Ct. 764, 81 L.Ed. 1122.

[5] Los Angeles Soap Co. v. Rogan, 9 Cir., 90 F.2d 1012.

322

14, 1936—amounts equal to the taxes (exclusive of interest) payable by taxpayer for the 16 months mentioned above.[6] These amounts aggregated $648,874.54.

On June 8, 1937, the District Court ordered its clerk to deliver the $648,874.54 to the collector, to be applied against any tax then due from taxpayer under § 602½. The order was complied with. Thus, on June 8, 1937, the collector received payment of the principal amount ($648,874.54) of taxes payable by taxpayer for the 16 months mentioned above, but received no payment of interest thereon. Such interest, computed in accordance with § 602½, amounted to $28,443.31.

On July 7, 1937, the collector collected the $28,443.31 from taxpayer. Its claim for a refund having been denied, taxpayer brought a suit against the United States to recover the $28,443.31 as having been illegally collected.[7] The United States answered, jury trial was waived, the case was tried by the court without a jury, an opinion was filed,[8] findings of fact and conclusions of law were stated, and judgment was entered in favor of taxpayer for $28,372.06. From that judgment this appeal is prosecuted.

The trial court held, in substance and effect, that the 16 deposits made by taxpayer[9] constituted payments of its taxes for the 16 months mentioned above. Since the December, 1935, tax ($28,618.48) became due on January 31, 1936, and the December, 1935, deposit was made on February 13, 1936, the court held that taxpayer owed no interest on the December, 1935, tax except that accruing between January 31, 1936, and February 13, 1936, which, according to the court's computation, was $61.15.[10] Since deposits for the 15 subsequent months—January, 1936, to March, 1937, inclusive—were made on or before the due dates of the taxes for those months, the court held that taxpayer owed no interest on those taxes. Therefore, of the $28,443.31 collected as interest on July 7,

1937, the court held that $28,382.16 ($28,443.31 less $61.15) was illegally collected. Of this amount, the court found that $10.10 had been paid, refunded or credited to taxpayer.[11] It therefore concluded that taxpayer was entitled to recover $28,372.06 ($28,382.16 less $10.10). Hence the judgment here appealed from.

The court erred in holding that the deposits made by taxpayer constituted payments of its taxes. The deposits were made, not as tax payments, but as a means of preventing the collector from exacting such payments. By that means, taxpayer procured and kept in force the orders of February 11, 1936, and April 14, 1936, and so prevented the collection of its taxes until June 8, 1937. The deposits were in the nature of a cash bond and carried no more significance than would the giving of a surety bond. Such deposits are not payments.[12]

Taxpayer, in its brief, speaks of having made payments into court pursuant to the orders of February 11, 1936, and April 14, 1936. There were no such payments. The orders of February 11, 1936, and April 14, 1936, did not require taxpayer to make any payment, into court or otherwise. Instead, they required it to make deposits, and it did so. No payment was made until June 8, 1937.

Taxpayer points out that when it made deposits pursuant to the orders of February 11, 1936, and April 14, 1936, it lost the use of the amounts deposited just as it would have done had these amounts been paid to the collector. The fact remains, however, that these amounts were not paid to the collector until June 8, 1937. Until then, neither the United States nor the Philippine Islands had the use thereof.

Since its taxes for the 16 months mentioned above were not paid, in whole or in part, until June 8, 1937, and only the principal amount thereof ($648,874.54) was paid on that date, taxpayer owed the interest ($28,443.31) which the collector col-

[6] There were 16 deposits—one for each month. The first deposit (the one for December, 1935) was on February 13, 1936. Each subsequent deposit was on or before the last day of the month following that for which it was made.

[7] See § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20).

[8] Los Angeles Soap Co. v. United States, D.C.S.D.Cal., 56 F.Supp. 260.

[9] See footnote 6.

[10] Actually, the interest accruing on the December, 1935, tax between January 31, 1936, and February 13, 1936, was $128.28.

[11] The record discloses no basis for this finding.

[12] Rosenman v. United States, 323 U. S. 658, 65 S.Ct. 536.

lected on July 7, 1937. There was and is no basis for holding that this interest, or any part thereof, was illegally collected.

Judgment reversed.