SHELL OIL COMPANY, a corporation,
Plaintiff,

v.

M. Carl JONES et al., Defendants,
and
The United States of America,
Intervener.

Civ. A. No. 13120.

United States District Court
S. D. Texas,
Houston Division.

Oct. 10, 1960.

———◆———

W. G. Winters, Jr., Houston, Tex., for plaintiff.

John H. Baumgarten, Asst. U. S. Atty., Houston, Tex., for the United States and Chester A. Usry, District Director of Internal Revenue.

Marcus F. Vascocu, Longview, Tex., Guardian of the Estates of Rebecca, Charlene Jones and Sharon Eugenia Jones, minors, pro se and as attorney for Rebecca Charlene Jones and Sharon Eugenia Jones, minors.

John M. Smith, Longview, Tex., for Mrs. Rebecca Charlene Willoughby Jones, individually and as dative testamentary executrix of the Estate of Winston Albert Jones, Deceased, and as temporary administratrix of the Estate of W. A. Jones, Deceased, and as Tutrix of the Estates of Sharon Eugenia Jones and Rebecca Charlene Jones, minors.

Joseph H. Jackson, Shreveport, La., pro se.

Frank S. Kennedy, Shreveport, La., pro se.

Angus G. Wynne, Dallas, Tex., pro se.

Caroline Walters, Shreveport, La., pro se.

Fred Walters, Shreveport, La., pro se.

L. F. Burke, Longview, Tex., Marion K. Smith, Shreveport, La., H. P. Smead, Longview, Tex., for M. Carl Jones and others.

HANNAY, Chief Judge.

This is an interpleader action filed by Shell Oil Company to determine the rights of the defendants and intervener to certain funds which it has in its possession.

On July 9, 1931, Lawson Lacy and husband, Rogers Lacy, as lessors, executed and delivered to Winston Albert Jones, trustee, an oil, gas, and mineral lease covering 21½ acres in the Mary Van Winkle Survey in Gregg County, Texas. This lease is known as the Lawson Lacy-T. L. James Production Company lease. Subsequently, on September 16, 1931, Winston Albert Jones, trustee, conveyed an undivided ½ interest in this leasehold estate to F. B. James and later, on April 22, 1932, he conveyed the remaining undivided ½ interest in said leasehold estate to Ruston Drilling Company, Inc. The former interest, which is not in dispute here, was subsequently acquired by T. L. James Production Company who is the present operator of the lease; and the latter interest, which is the basis of the dispute here, was acquired by M. Carl Jones under an assignment executed by Ruston Drilling Company, Inc., on March 9, 1933.

Winston Albert Jones died on April 2, 1952. At the time of his death he was domiciled in the State of Louisiana and left a will dated September 12, 1951, in which he devised his interest in the Lawson Lacy lease as follows: Henry E. Linam, Trustee for Rebecca Charlene Jones, a minor, ¼; Henry E. Linam, Trustee for Sharon Eugenia Jones, a minor, ¼; Mrs. Rebecca Charlene Jones, %20; Mrs. Allie Jones, 1/10; Mrs. Lillie Maud Evans, 1/10; Mrs. Bess Bridges, 1/10; and Mrs. Caroline Walters, 1/20. This will was filed for probate by Mrs. Rebecca Charlene Willoughby Jones in the First Judicial District Court of Caddo Parish, Louisiana, in Cause No. 111,533 on May 6, 1952, and said will was admitted to probate by an order of said First Judicial District Court rendered on the same day.

Winston B. Linam who was named as successor trustee in said will resigned and W. P. Leonard, Jr., was appointed co-trustee under said will by the First Judicial District Court of Caddo Parish, Louisiana.

There next followed a series of suits in the Louisiana and Texas courts between the devisees under the said will of Winston Albert Jones, deceased, and M. Carl Jones and his children over the validity of said will, the title to an undivided ½ interest in said leasehold estate and the right to ½ of ⅞ of the proceeds realized from the sale of production from the Lawson Lacy lease. See: Jones v. Jones, Tex.Civ.App., 301 S.W.2d 310; Jones v. Jones, 236 La. 52, 106 So.2d 713; Jones v. Jones, La.App., 119 So.2d 643; Jones v. Jones, La.App., 119 So.2d 644. In addition, the United States filed a notice of tax lien in the Deed Records of Gregg County, Texas, for delinquent income taxes due by Winston Albert Jones and wife, Mrs. Rebecca Charlene Jones, in the amount of $6335.56 and it issued 30-day and 90-day letters asserting a $197,184.41 estate tax liability deficiency against the Estate of Winston Albert Jones, deceased.

The plaintiff, Shell Oil Company, has been purchasing the crude oil produced from the Lawson Lacy lease for many years. Confronted by the various conflicting claims of the defendants and intervener, Shell filed its complaint for interpleader in this action and deposited $547,185.23 in the registry of this court on April 26, 1960. This sum represents ½ of ⅞ of the value of the crude oil purchased by Shell from the Lawson Lacy lease between October 1, 1953, and March 31, 1960. Shell claims no interest in these funds and seeks only to have the

conflicting claims of the defendants and intervener to these funds resolved.

The defendants have all answered setting forth their respective claims to these funds and the United States has intervened asserting its tax claims. The matter is now before the Court for a determination on the merits.

■ The plaintiff, Shell Oil Company, is a Delaware corporation with its principal office and place of business in the State of New York. All of the defendants are citizens of the State of Louisiana except Angus G. Wynne, Marcus F. Vascocu, Guardian of the Estates of Rebecca Charlene Jones and Sharon Eugenia Jones, minors, and Lillie Maud Evans and husband, Allen Croswell Evans, who are citizens of the State of Texas. Lillie Maud Evans and husband, Allen Croswell Evans, are residents of Harris County, Texas. The amount of the fund in controversy exceeds $500, exclusive of interest and costs, and this Court has jurisdiction of this action under the Federal Interpleader Act, 62 Stat. 931; 28 U.S.C.A. § 1335; United States v. Sentinel Fire Ins Co., 5 Cir., 1949, 178 F.2d 217.

A suit styled Mrs. Rebecca Charlene Jones et al. v. M. Carl Jones et al., No. 26099–B, in the District Court of Gregg County, Texas, was one of the many actions commenced between the defendants following the probate of the will of Winston Albert Jones in 1952. All of the parties hereto except the plaintiff, the defendant-intervener United States of America and the defendant Chester A. Usry, were parties to No. 26099–B. On July 18, 1960, final judgment was rendered in No. 26099–B. In this judgment the District Court of Gregg County, Texas, determined that the undivided ½ interest in the Lawson Lacy lease which passed under the assignment dated March 9, 1933, executed by Ruston Drilling Company, Inc., to M. Carl Jones was acquired by M. Carl Jones with the understanding and agreement that said undivided ½ interest would be owned ½ by M. Carl Jones and ½ by Winston Albert Jones.

The District Court of Gregg County, Texas, in No. 26099–B also found that the interest which M. Carl Jones acquired in said leasehold estate was the community property of M. Carl Jones and his first wife, Frances Ball Jones. Frances Ball Jones died intestate on July 21, 1946, and her community interest in said lease passed by descent and distribution to James Marshall Jones, Carl Wylie Jones and Mrs. Martha Jones Rice who are the children of M. Carl Jones and Frances Ball Jones. The interest which Winston Albert Jones owned in said lease was his separate property and it passed to the devisees under his will upon his death. The District Court of Gregg County, Texas, accordingly decreed in No. 26099–B that the said undivided ½ interest in the Lawson Lacy leasehold estate is now owned as follows:

| | |
|---|---|
| Henry E. Linam and W. P. Leonard, Jr., Trustees for Rebecca Charlene Jones, a minor | 1/8 |
| Henry E. Linam and W. P. Leonard, Jr., Trustees for Sharon Eugenia Jones, a minor | 1/8 |
| Mrs. Rebecca Charlene Willoughby Jones | 3/40 |
| Mrs. Allie Jones | 1/20 |
| Mrs. Lillie Maud Evans | 1/20 |
| Mrs. Bess Bridges | 1/20 |
| Mrs. Caroline Walters | 1/40 |
| M. Carl Jones | 1/4 |
| James Marshall Jones | 1/12 |
| Carl Wylie Jones | 1/12 |
| Mrs. Martha Jones Rice | 1/12 |

and that, inter se, the above-named persons were entitled to the same interest in the proceeds representing ½ of ⅞ of ⅝ of the value of crude oil produced and sold from the Lawson Lacy lease. However, the said devisees' right to their share of such proceeds was made subject to the expenses of administration, the debts of the Estate of Winston Albert Jones, deceased, and the payment of $73,-842.98 in operating expenses which M. Carl Jones paid on their behalf between December 1, 1954, and May 31, 1960. In addition, the District Court of Gregg County, Texas, awarded Angus G. Wynne,

Joseph H. Jackson and Frank S. Kennedy judgment for $36,301.21 [1] against Mrs. Jones, the Trustees and Mrs. Walters as follows:

| | |
|---|---|
| Mrs. Rebecca Charlene Willoughby Jones | $ 7,134.54 |
| Henry E. Linam and W. P. Leonard, Jr., Trustees for Rebecca Charlene Jones, a minor | $14,027.78 |
| Henry E. Linam and W. P. Leonard, Jr., Trustees for Sharon Eugenia Jones, a minor | $14,027.78 |
| Mrs. Caroline Walters | $ 1,111.11 |

M. Carl Jones has also paid $2025.00[2] in Texas estate and inheritance taxes and $242.50 in other expenses for the benefit of said Estate and devisees. In addition to the operating expenses awarded him in No. 26099–B M. Carl Jones is entitled to be reimbursed by said Estate and devisees for these taxes and other expenses.

M. Carl Jones also advanced Mrs. Rebecca Charlene Willoughby Jones the sum of $5,000 for the support of herself and children. He is entitled to be reimbursed by her for this sum out of her share of the funds in dispute in this action.

The United States of America filed a notice of tax lien against Winston Albert Jones and wife, Rebecca Charlene Jones, in Gregg County, Texas, on August 4, 1955, for delinquent income taxes for the period April 2, 1952, through December 31, 1952. This lien is recorded in Volume 3 at page 55 of the Tax Lien Records of Gregg County, Texas. On October 10, 1960, the income tax claim, including interest, was $8458.76. In addition, the United States also claims a lien for delinquent estate taxes due by the Estate of Winston Albert Jones, deceased. On August 31, 1960, the Tax Court of the United States in Estate of W. Albert Jones, deceased, Charlene W. Jones Executrix, Petitioner v. Commissioner, Respondent, No. 65375, determined that the estate tax deficiency due by said Estate was $22,131.12. The amount of estate taxes, including interest, due October 10, 1960, is $31,745.74. The United States has a valid claim of lien to secure such taxes against the part of the funds in dispute here allocable to the interest formerly owned by Winston Albert Jones, deceased; but it has no lien against the funds in dispute which are allocable to the interest of M. Carl Jones, James Marshall Jones, Carl Wylie Jones and Mrs. Martha Jones Rice. It also has no lien against the funds which represent the operating expenses due M. Carl Jones, White v. Smyth, 147 Tex. 272, 214 S.W.2d 967, 5 A.L.R.2d 1348.

Mrs. Rebecca Charlene Willoughby Jones is the Temporary Administratrix of the Estate of W. A. Jones, deceased, under appointment of the County Court of Gregg County, Texas. The expenses of the Texas administration are $2449.97 as follows: (1) Clerk, County Court of Gregg County, Texas, in probate, the sum of $153.24 for costs incurred by said estate in No. 4574 in that court; (2) Clerk, District Court of Gregg County, Texas, the sum of $132.55 for costs incurred by said estate in No. 26099–B in that court; (3) Clerk, Court of Civil Appeals for the Sixth Supreme Judicial District of Texas,

1. The District Court of Gregg County, Texas, awarded Angus G. Wynne ½, Joseph H. Jackson ¼ and Frank S. Kennedy ¼ of said $36,301.21.

2. M. Carl Jones paid the State of Texas $2025.00 in estate and inheritance taxes as follows: For Mrs. Rebecca Charlene Jones $125.00; for Mrs. Lillie Maud Evans $450.00; for Mrs. Bess Bridges $450.00; for Rebecca Charlene Jones $500.00; and for Sharon Eugenia Jones $500.00.

the sum of $482.50 for costs incurred by said estate in No. 6867 in that court; Angus G. Wynne, the sum of $1094.33 for fees and travel expenses due Mr. Wynne for professional services rendered by him in representing the estate in various tax matters; Frank S. Kennedy, the sum of $337.35 for fees and travel expenses due Mr. Kennedy for professional services rendered by him in representing the estate in various tax matters; and John M. Smith, the sum of $250.00 as his fee for representing said estate in this action. The County Court of Gregg County, Texas, has approved each of these expenses and authorized the Temporary Administratrix to pay them out of the funds on deposit in this Court.

■ The plaintiff, Shell Oil Company, is not claiming any interest in the funds on deposit in this Court. It is a mere disinterested stakeholder. Accordingly, Shell is entitled to be reimbursed for its costs, attorney's fees and other expenses incurred herein and to be discharged and released of all liability to the parties hereto for the value of the crude oil purchased by it from the Lawson Lacy lease between October 1, 1953, and March 31, 1960. Shell is also entitled to an injunction restraining the defendants and intervener from instituting or prosecuting any action against it in this regard. 28 U.S.C.A. § 2361.

The plaintiff is awarded the sum of $2500 to reimburse it for its costs, expenses and attorney's fee. After reimbursing the plaintiff for its costs, expenses and attorney's fees, out of the funds in dispute, the remaining $544,685.23 shall be paid as follows:

First, the sum of $272,342.61, which represents ½ of the proceeds in dispute less the costs, expenses and attorney's fees awarded the plaintiff, shall be paid to M. Carl Jones, James Marshall Jones, Carl Wylie Jones, and Mrs. Martha Jones Rice in accordance with their interest as follows: M. Carl Jones $136,171.30; James Marshall Jones $45,390.43; Carl Wylie Jones $45,390.44; and Mrs. Martha Jones Rice $45,390.44.

Secondly, the sum of $272,342.62, which represents the remaining one-half (½) of said proceeds, shall be paid as follows:

1. The United States of America is entitled and shall be paid the total sum of $40,204.50 in satisfaction of its tax claims.

2. M. Carl Jones is entitled and shall be paid the additional sum of $81,110.48 as reimbursement for the operating expenses, taxes and other expenses which he has paid on behalf of said Estate and devisees.

3. Mrs. Rebecca Charlene Willoughby Jones, Dative Testamentary Executrix of the Estate of W. A. Jones, deceased, is entitled and shall be paid the sum of $4200.00 for the expenses and debts of the Louisiana administration.

4. Angus G. Wynne is entitled and shall be paid the total sum of $19,244.94 in satisfaction of his claims under the judgment in No. 26099–B and for travel and other expenses incurred in representing said Estate.

5. Frank S. Kennedy is entitled and shall be paid the total sum of $9,412.65 in satisfaction of his claims under the judgment in No. 26099–B and for travel and other expenses incurred in representing said Estate.

6. Joseph H. Jackson is entitled and shall be paid the sum of $9,075.30 in satisfaction of his claim under the judgment in No. 26099–B.

7. Mrs. Allie Jones, Mrs. Lillie Maud Evans, and Mrs. Bess Bridges as devisees under said will are each entitled to be paid as their allocable share of the funds in dispute (less their respective shares of the expenses of administration, debts of said estate and claims of M. Carl Jones) the following sums, to wit:

| | |
|---|---|
| Mrs. Allie Jones | $15,140.27 |
| Mrs. Lillie Maud Evans | $14,690.27 |
| Mrs. Bess Bridges | $14,690.27 |

8. Mrs. Rebecca Charlene Willoughby Jones, Henry E. Linam and W. P. Leonard, Jr., Trustees for Rebecca Char-

lene Jones and Sharon Eugenia Jones, minors, under the will of Winston Albert Jones, deceased, and Mrs. Caroline Walters, as devisees under said will, are each entitled to be paid as their allocable share of the funds in dispute (less the expenses of administration, debts of said Estate and the claims of M. Carl Jones, Marcus F. Vascocu, Angus G. Wynne, Joseph H. Jackson and Frank S. Kennedy) the following sums, to wit:

| | |
|---|---|
| Mrs. Rebecca Charlene Willoughby Jones | $10,450.86 |
| Henry E. Linam and W. P. Leonard, Jr., Trustees for Rebecca Charlene Jones, a minor | $23,142.88 |
| Henry E. Linam and W. P. Leonard, Jr., Trustees for Sharon Eugenia Jones, a minor | $23,142,89 |
| Mrs. Caroline Walters | $ 6,459.02 |

9. Marcus F. Vascocu, guardian of the estates of Rebecca Charlene Jones and Sharon Eugenia Jones, minors, is entitled to be paid the sum of $360.00 for representing said minors herein and as reimbursement for the bond premium, travel and other expenses which shall be deducted from the funds allocable to the said trustees.

10. John M. Smith is entitled to be paid a fee of $250 for representing the administratrix herein which shall be deducted from the sums allocable to the devisees.

11. The Temporary Administratrix, Mrs. Rebecca Charlene Willoughby Jones, is entitled to recover the $768.29 in court costs incurred by the estate as expenses of the Texas administration. However, the County Court of Gregg County, Texas, in probate, has authorized and directed her to pay said court costs out of the funds on deposit in this action and said costs shall be paid as follows: (1) to Mrs. Rebecca Charlene Willoughby Jones, Temporary Administratrix of the Estate of W. A. Jones, deceased, and Clerk, County Court, in probate, Gregg County, Texas, the sum of $153.24 for the costs in No. 4574; (2) Mrs. Rebecca Charlene Willoughby Jones, Temporary Administratrix of the Estate of W. A. Jones, deceased, and Clerk, District Court of Gregg County, Texas, the sum of $132.55 for costs in No. 26099-B; and (3) Mrs. Rebecca Charlene Willoughby Jones, Temporary Administratrix of the Estate of W. A. Jones, deceased, and Clerk, Court of Civil Appeals, Sixth Supreme Judicial District of Texas the sum of $482.50 for costs in No. 6867.

The legal title to the interest in the Lawson Lacy lease which Winston Albert Jones devised in trust for the benefit of his minor adopted children, Rebecca Charlene Jones and Sharon Eugenia Jones, is in the trustees, Henry E. Linam and W. P. Leonard, Jr. The funds allocable to this interest are to be paid said trustees. The minors, Rebecca Charlene Jones and Sharon Eugenia Jones, their Guardian, Marcus F. Vascocu, and Tutrix, Mrs. Rebecca Charlene Willoughby Jones, are not entitled to receive any of the funds allocable to this interest.

Allen Croswell Evans, Fred Walters, and Irwin J. Rice are mere formal parties hereto and are not entitled to any recovery.

Mrs. Rebecca Charlene Jones is Dative Testamentary Executrix of the Estate of Winston Albert Jones, deceased, under appointment of the First Judicial District Court of Caddo Parish, Louisiana, in No. 111,533. The expenses and debts of the Louisiana administration are $4200. Mrs. Jones in her capacity as Dative Testamentary Executrix in the Louisiana administration is entitled to recover or be paid $4200 as a debt of the Texas administration.

The tax claims and liens are the property of the United States. 26 U.S.C.A. § 6321.

■ The funds on deposit are sufficient to satisfy the claims of all of the claimants. No determination of the priority of claims is necessary and none is made. The awards made herein include interest to date and, the funds in dispute being in custodia legis, no fur-

ther interest shall accrue thereon. Bank of China v. Wells Fargo Bank & Union Trust Co., 9 Cir., 1953, 209 F.2d 467, 48 A.L.R.2d 172; Los Angeles Soap Co. v. United States, D.C.Cal.1944, 56 F.Supp. 260, reversed on other grounds 9 Cir., 153 F.2d 320, certiorari denied 328 U.S. 848, 66 S.Ct. 1120, 90 L.Ed. 1621.

This memorandum shall constitute findings of fact and conclusions of law under Rule 52(a) F.R.Civ.P., 28 U.S.C.A.

Let appropriate decree be prepared and presented.