**PRATT v. LOUISIANA & A. RY CO.**

No. 10580.

Circuit Court of Appeals, Fifth Circuit.

May 21, 1943.

S. P. Jones and Franklin Jones, both of Marshall, Tex., for appellant.

T. W. Holloman, of Alexandria, La., and A. L. Burford, of Texarkana, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Louis Pratt, a switchman employed by Louisiana & Arkansas Railway Company, was injured on July 8, 1941, while working for the railroad at Cullen, Louisiana. A switch engine was engaged in shunting freight cars onto sidings by releasing such cars from their couplings while in motion, thereby allowing them to enter open switches and pass to tracks which had been designated for the making up of trains. Pratt was engaged in contacting and receiving cuts of cars as they passed onto the siding. He saw to it that knuckles of cars were opened, couplings properly made, and air hose connected. While he was coupling air hose between standing cars, a cut of five cars was shunted at rapid speed onto the siding. The momentum of the moving cut of cars was such that upon contact the standing cars were moved several feet, Pratt was thrown to the ground, and the wheels of a freight car passed over his leg, crushing and mangling it and making amputation necessary. Action against the carrier under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., resulted in a jury verdict for $5,000 in favor of Pratt. On motion of the defendant, the trial judge set aside the verdict and entered judgment for the railroad. Pratt has appealed.

In substance the pleadings charged and the evidence raised issues of negligence that Pratt's injuries were the proximate result of the action of the railroad (1) in ordering him to work on the standing cars with assurance from the conductor that the cars would not be disturbed while he was so working; and (2) in shunting cars against the standing ones with unusual speed and violence while Pratt was at work between the cars coupling hose.

The jury returned a general verdict in favor of the plaintiff and in addition answered special questions requested by the defendant and submitted by the court under Rule 49(b) of the Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c. In answering the special questions the jury found that the conductor had not given Pratt assurance that other cars would not be shunted against the standing cars; that it was the custom in the yards at Cullen to shunt cars against other cars; and that Pratt knew of such custom.

In sustaining defendant's motion for judgment notwithstanding the verdict under Rule 50(b), the trial court held that the general verdict was contrary to the jury's answers to the special questions; that there was no substantial proof of "any unusual or extraordinary handling of the cut of cars, which struck the one which injured plaintiff"; and that "otherwise plaintiff assumed the risk of his employment". In this the court erred. The answers to the special questions decided the first issue of negligence against the plaintiff, but there remained the other issue as to whether the shunting of cars at rapid speed and with unusual violence against those where Pratt was working was negligence which caused the injury. The defense of assumption of risk is not good; the only question is whether the carrier was negligent and, if so, whether that negligence was the proximate cause of Pratt's injury. Tiller v. Atlantic Coast Line R. R. Co., February 1, 1943, 63 S.Ct. 544, 87 L.Ed. —. Under the facts of the case at bar, whether the shunting of cars against the standing ones constituted such negligence was a question for the jury. In returning its general verdict the jury necessarily determined this issue against the defendant, and its determination, supported by substantial evidence, may not be lightly cast aside. The general verdict and the special answers are not fatally inconsistent, but may be reconciled, and the court erred in setting aside the verdict for the plaintiff and entering judgment for the defendant. Cf. Theurer v. Holland Furnace Co., 10 Cir., 124 F.2d 494.

In the court below the defendant expressly waived a new trial and it is agreed by the parties that final judgment should be predicated on the record as it now stands. Accordingly, the judgment is reversed and the cause is remanded with directions to reinstate the verdict of the jury and enter judgment for the plaintiff in accordance therewith.

Reversed and remanded.