### BRIGGS v. PENNSYLVANIA R. CO.
No. 16, Docket 20596.

Circuit Court of Appeals, Second Circuit.
Oct. 30, 1947.

Writ of Certiorari Granted Feb. 16, 1948.
See 68 S.Ct. 609.

Alfred T. Rowe, of New York City, (Anthony Sansone, of Mamaroneck, N. Y., of counsel), for plaintiff-appellee.

Louis J. Carruthers, of New York City (William J. O'Brien and Arthur R. Douglas, both of New York City, of counsel), for defendant-appellant.

Before L. HAND, SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

In Briggs v. Pennsylvania R. Co., 2 Cir., 153 F.2d 841, 163 A.L.R. 1281, we reversed a judgment for the defendant in this case. The District Court as directed by our mandate then entered a judgment on the verdict for the plaintiff but in addition included interest from the date of verdict to the date of entry of judgment. The defendant moved to resettle the judgment by disallowing such interest. Relying upon Louisiana & Arkansas Ry. Co. v. Pratt, 5 Cir., 142 F.2d 847, 153 A.L.R. 851, the District Court denied the motion and the defendant has appealed.

The nature of the suit and the reasons for our reversal of the former judgment are stated in our previous opinion, with which familiarity will be assumed, and only what is needed to present the present issues will be repeated. During the trial a motion to dismiss the suit for lack of jurisdiction was made by the defendant. The court reserved decision on the motion and submitted the cause to the jury which, on February 15, 1945, returned a plaintiff's verdict. The motion to dismiss was granted, however, on April 19, 1945 and judgment for the defendant was duly entered. We reversed that judgment on January 7, 1946 and by mandate of January 23, 1946 directed that judgment on the verdict for the plaintiff be entered. We neither did, nor were requested to, give any directions as to interest. On January 28, 1946 the judgment on our mandate was entered for the amount of the verdict and for interest from the date of the verdict as above stated.

Some modification of this judgment is required. The relevant federal statute, 28 U.S.C.A. § 811, provides that interest on judgments "shall be calculated from the date of the judgment, * * *."[1] The action is based solely upon the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and, being a suit to enforce liability under a federal statute, federal law controls. Chesapeake & Ohio Ry. Co. v. Kuhn, 284 U.S. 44, 52 S.Ct. 45, 76 L.Ed. 157; Bailey v. Central Vermont Ry., Inc., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444. The measure of damages is fixed by that law. Chesapeake & Ohio Ry. Co. v. Kelly, 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117, L.R.A.1917F, 367. Federal law likewise governs in respect to interest. Murphy v. Lehigh Valley R. Co., 2 Cir., 158 F.2d 481; Louisiana & Arkansas Ry. Co. v. Pratt, supra. Since no judgment could have been entered until the motion pending after verdict had been decided by the trial court, no interest can be allowed between the date of the verdict and May 28, 1945 when that motion was decided and the judgment for the defendant was erroneously entered. Murphy v. Lehigh Valley R. Co., supra.

The remaining question is whether interest should be allowed from the date a judgment for the plaintiff on the verdict would, in the absence of error in decision, have been entered, viz., the date when the original judgment for the defendant was entered by order of court; or from January 28, 1946, the date when judgment for the plaintiff was actually entered after our mandate went down. And if the latter date is the correct one, we must decide whether we now have any power to amend that mandate to make the judgment date nunc pro tunc that of the original judgment and, if so, whether that power ought to be exercised.

---

[1] Louisiana & Arkansas Ry. Co. v. Pratt, supra, does not necessarily have to be read to the contrary, since it may well be that the date of the verdict there coincided with that of the judgment for the defendant.

It is true that subsequent events have shown that on the date of the original judgment the plaintiff was entitled to have a judgment entered on the verdict and that this judgment would have borne interest until it was paid. But from a practical standpoint it is equally true that the plaintiff then was "entitled" only to have the trial judge decide the pending motions and direct the entry of such judgment as he fairly determined to be lawful and just. That is exactly what the trial judge did. Thereafter the plaintiff was "entitled" only to take whatever action by way of appellate review the law afforded her. The delay in the entry of the proper judgment was necessary in the sense that time for appellate review was required; it was only after the ordinary appellate proceedings had been completed that the plaintiffs' cause of action had reached the point where her right to a judgment on the verdict was judicially established. That judgment was then promptly entered. The date of its entry became the judgment day from which interest is to be computed under the statute. It was, under the circumstances, the first day when the judgment could have been entered. See Murphy v. Lehigh Valley R. Co., supra.

█ The only judgment which could then lawfully have been entered was, however, one which conformed to the mandate of this court. That directed judgment in the amount of the verdict but made no direction whatever as to interest. When our mandate specifically directs the entry of judgment for a designated amount, the District Court is without power to enter judgment for a different sum. In re Washington & Georgetown R. Co., 140 U.S. 91, 11 S.Ct. 673, 35 L.Ed. 339; Thornton v. Carter, 8 Cir., 109 F.2d 316. So here the error was not alone in the inclusion of interest on the verdict to the date of the original judgment but extended also to the inclusion of interest on the verdict up to the date of the judgment on the mandate.

██ For present purposes we will assume that we could, and had the matter been timely called to our attention, would have directed by our mandate the entry of judgment for the plaintiff nunc pro tunc

as of the day on which the original judgment for the defendant was entered. See Ireland v. Connecticut Co., 112 Conn. 452, 152 A. 614. But see Reed v. Howbert, 10 Cir., 77 F.2d 227; 1 Freeman on Judgments, 4th Ed., sec. 68. It is now too late, however, to recall the mandate and do that. The term in which it went down passed without any application having been made for its recall and amendment. While we have the power in this, the succeeding, term to act to that end, Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 1281, 88 L.Ed. 1250, 1596, it is only in the most exceptional of circumstances, as where there has been a fraud upon the court, that it should be exercised. These circumstances are not present here. Nachod v. Engineering & Research Corp., 2 Cir., 108 F.2d 594; Dobson v. United States, 2 Cir., 31 F.2d 288, certiorari denied 278 U.S. 653, 49 S.Ct. 179, 73 L.Ed. 563. In so far as Blair v. Durham, 6 Cir., 139 F.2d 260, and Louisiana & Arkansas Ry. Co. v. Pratt, supra, may be in conflict herewith, we decline to follow them.

The judgment is modified to exclude all interest upon the amount of the verdict up to the date judgment was entered and, as so modified, it is affirmed.