## GIVENS v. MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS.

No. 13697.

United States Court of Appeals Fifth Circuit.

May 27, 1952.

Maurice M. Davis, Fort Worth, Tex., George S. King, Houston, Tex., for appellant.

William J. Boswell, Waco, Tex., for appellee.

Before BORAH, RUSSELL, and RIVES, Circuit Judges.

RIVES, Circuit Judge.

By the mandate of this court issued April 23rd, 1952, the judgment of the district court overruling the plaintiff's motion for judgment in the amount of $12,000.00 was reversed with instructions to enter such a judgment on the verdict of the jury. The appellant, plaintiff below, now moves the court to amend its mandate so as to direct that the judgment to be entered by the district court provide for interest at the rate of six per cent (6%) per annum from the 7th day of December, 1950, the date the plaintiff below filed his motion for judgment on the verdict of the jury. In so moving to amend this court's mandate, the appellant is following the proper procedure as approved by the Supreme Court in Briggs v. Pennsylvania Railroad Co., 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403. In the same case the Second Circuit had also indicated that this was the appropriate procedure. 164 F.2d 21, 23, 1 A.L.R.2d 475.

In that case the Supreme Court had granted certiorari to resolve a conflict between the decision of the Second Circuit and a decision of this circuit in Louisiana & Arkansas R. Co. v. Pratt, 142 F.2d 847, 153 A.L.R. 851. In the Second Circuit case

no motion to amend the mandate had been made during the term at which it was entered and both the Second Circuit and the Supreme Court on certiorari pretermitted a decision of the question of whether on proper application interest should .be allowed from the day on which the plaintiff was originally entitled to judgment in the district court.

It is provided in mandatory terms by 28 U.S.C.A. 1961 that "Interest shall be allowed on any money judgment in a civil case recovered in a district court." That section further provides that "Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law." The law of Texas as set out in Article 5072, Revised Civil Statutes of Texas, provides that interest on judgments shall be at the rate of six per cent (6%) per annum. Rule 58, F.R.C.P., 28 U.S.C.A., provides that judgment upon the verdict of the jury shall be entered forthwith by the clerk unless the court otherwise directs.

The verdict of the jury was in response to forty special issues and was rendered on December 4th, 1950. On December 7th, 1950 both the plaintiff and the defendant moved for judgment on the jury's verdict. It was not until February 13th, 1951 that the district court decided these motions and entered judgment for the defendant. In Briggs v. Pennsylvania R. Co., 164 F.2d 21, 22, Judge Chase speaking for that circuit said:

> "Since no judgment could have been entered until the motion pending after verdict had been decided by the trial court, no interest can be allowed between the date of the verdict and May 28, 1945 when that motion was decided and the judgment for the defendant was erroneously entered."

We think that our decision in Louisiana & Arkansas R. Co. v. Pratt, supra, was in all respects sound. Accordingly it is ordered and adjudged that the mandate of this court heretofore issued on the 23rd day of April, 1952 be recalled and that an amended mandate be issued to provide that the judgment in the amount of $12,000.00 to be entered by the district court shall provide also for interest on that amount from the 13th day of February, 1951. To that extent the motion to amend the mandate is granted.