**Alonzo W. TAYLOR, Plaintiff,**

v.

**The WASHINGTON TERMINAL COM-PANY, Defendant.**

**Civ. A. No. 139–64.**

United States District Court, District of Columbia.

Feb. 6, 1970.

James R. Scullen, Washington, D. C., for plaintiff.

Richard W. Turner, Hamilton & Hamilton, Washington, D. C., for defendant.

MEMORANDUM AND ORDER

CHARLES F. McLAUGHLIN, District Judge.

This is a Motion of the Plaintiff to Direct Distribution of Proceeds of Judgment in accordance with the mandate of the United States Court of Appeals for the District of Columbia. It comes before the Court on Memoranda and Points and Authorities and on oral argument of counsel. A brief summary of the litigative history of this matter is essential to an understanding of the particular question now before the Court.

On January 17, 1964 the Plaintiff filed a personal injury action, arising under the Federal Employers' Liability Act,[1] against the Defendant. On August 14, 1967 a jury returned a verdict in favor of the Plaintiff in the amount of $80,-000.00 and judgment was entered on the verdict the same day by the Clerk of the Court pursuant to Rule 58 of the Fed-

1. 45 U.S.C.A. § 51 *et seq.*

eral Rules of Civil Procedure.[2] On September 26, 1967 a new trial was ordered by the trial judge after the Plaintiff refused to remit $60,000.00 of his $80,000.00 verdict.[3]

On March 6, 1968 the cause was retried, and on March 18, 1968 a verdict was returned in favor of the Plaintiff in the amount of $25,000.00. On the same day judgment was duly entered on this verdict by the Clerk as provided by Rule 58.

By mandate dated February 20, 1969 the Court of Appeals vacated the judgment entered upon the $25,000.00 verdict, set aside the order of the District Court granting a new trial, and ordered "that the original verdict in favor of the appellant dated August 14, 1967 is hereby reinstated; and the District Court is hereby directed to enter a judgment based on the original verdict returned at the first trial". This mandate was silent on the question of interest. The Defendant thereupon petitioned the United States Supreme Court for a Writ of Certiorari, and this petition was denied on October 13, 1969.

The instant Motion raises the question of whether the interest on a judgment provided for by 28 U.S.C.A. Section 1961[4] begins to run from August 14, 1967, the date judgment was entered on the original jury verdict of $80,000.00, or only from the time judgment is entered pursuant to the aforementioned Court of Appeals mandate of February 20, 1969. The Court has been unable to locate any controlling decision on this point in this jurisdiction, and the parties have cited none.

The Plaintiff takes the position that since 28 U.S.C.A. Section 1961 is mandatory, the Court of Appeals had no reason to mention interest in its mandate, since interest would attach to the original judgment of August 14, 1967 as a matter of law. In support of this position the Plaintiff relies on Fassbinder v. Pennsylvania Railroad Company, 233 F.Supp. 574 (W.D.Penn.1964).[5] The Defendant asserts that since the Court of Appeals mandate was silent as to interest the District Court is without power to add interest since this in effect would be varying or modifying a specific mandate of a higher court. The Defendant relies upon the authority of Briggs v. Pennsylvania Railroad Company, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948), in support of its contention.

■ For the reasons which follow the Court concludes that the Plaintiff is entitled to interest from August 14, 1967, the date on which judgment was entered on the original jury verdict, and his Motion in this respect is hereby granted.

*Fassbinder* is factually on all fours with the case at bar. There an employee brought a personal injury action against the railroad under the Federal Employers' Liability Act. On April 21, 1961 a jury returned a verdict in favor of the plaintiff in the amount of $11,750.00 and a judgment was entered on that verdict on April 27, 1961. The trial judge subsequently granted a new trial which resulted in a jury verdict and judgment for the defendant railroad. The Third Circuit Court of Appeals vacated the judgment in favor of the defendant, reversed the order of the District Court granting a new trial, and remanded the case with instructions to reinstate the original judgment of the District Court in favor of the plaintiff. No mention of interest was made in the mandate of the Court of Appeals. The District Court

2.  Rule 58 states as follows: "Unless the court otherwise directs * * * judgment upon the verdict of a jury shall be entered forthwith by the clerk; * * * *".

3.  The new trial was ordered by visiting Judge Real who heard the original trial.

4.  In pertinent part 28 U.S.C.A. Section 1961 reads as follows: "Interest shall be allowed on any money judgment in a civil case recovered in a district court. * * * Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law."

5.  For prior opinions on other aspects of *Fassbinder* see 193 F.Supp. 767 and 322 F.2d 859.

nevertheless ruled that the plaintiff was entitled to interest from April 27, 1961, the date on which the judgment in his favor was originally entered.

The *Fassbinder* court was careful to distinguish the *Briggs* case, *supra*, on the ground that in *Briggs* a judgment for the plaintiff was never entered, therefore the mandatory provisions of 28 U.S.C.A. Section 1961 were inapplicable. As the Court pointed out:

"The many cases cited by the defendant, all emanating from Briggs v. Pennsylvania R. Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403, require no different result. Neither in Briggs nor in its progeny did a situation exist wherein the District Court had entered a *judgment* which, after being erroneously vacated, was subsequently ordered reinstated by mandate of a Court of Appeals. *The fact that entry of a judgment is a prerequisite to the running of interest thereon can scarcely be disputed.*[6]

An analysis of *Briggs*, from trial of the cause through its appeals and ultimately to the decision of the Supreme Court convinces the Court that the distinction drawn in *Fassbinder* is sound. In *Briggs* the administratrix of the deceased brought an action for damages under the Federal Employers' Liability Act. Following a jury verdict for the plaintiff, the trial judge granted defendant's motion, upon which he had previously reserved a decision, to dismiss the action on the jurisdictional ground that the plaintiff had no capacity to sue. The trial judge thereupon entered a judgment for the defendant. The Second Circuit Court of Appeals reversed and ordered that judgment be entered for the plaintiff on the verdict.[7] No mention was made of interest in the court's order of reversal. The trial court, relying on the authority of Louisiana & Arkansas Ry. Co. v. Pratt, 142 F.2d 847,

153 A.L.R. 851 (5th Cir. 1944), then entered judgment for the plaintiff and allowed interest from the date of the verdict to the date of the entry of judgment. On this point the defendant appealed. The Court of Appeals then ruled that the trial court was without power to add interest in this manner since this in effect would be varying or modifying a specific mandate of a higher court. Interest was allowed the plaintiff only from the date judgment was entered following the mandate of reversal.

That no judgment was ever entered in *Briggs* on the jury verdict for the plaintiff is clear from the opinion of the Circuit Court of Appeals:

"The District Court as directed by our mandate then entered a judgment *on the verdict* for the plaintiff but in addition included interest from the date of verdict to the date of entry of judgment. * * * *Since no judgment could have been entered* until the motion pending after verdict had been decided by the trial court, no interest can be allowed between the date of the verdict and May 28, 1945 when that motion was decided and the judgment for the Defendant was erroneously entered."[8]

On February 16, 1948 the Supreme Court granted a Writ of Certiorari in the *Briggs* case,[9] ostensibly to resolve the conflict between *Briggs* and *Pratt*, *supra*. However, the Supreme Court in affirming the decision of the Second Circuit in *Briggs* never decided the precise question of when interest attaches in a case such as the one at bar. Instead, *Briggs* was affirmed on the broad ground that a lower court does not have the authority or power to deviate from a specific mandate of a higher court.

Both the majority and the dissent in the Supreme Court decision acknowledged that the precise question of when interest attaches to a judgment was not

6. 233 F.Supp. at p. 575 (Emphasis added).

7. 153 F.2d 841, 843, 163 A.L.R. 1281 (2nd Cir. 1946) (Emphasis added).

8. 164 F.2d 21, 22, 1 A.L.R.2d 475 (2nd Cir. 1947) (Emphasis added).

9. 333 U.S. 836, 68 S.Ct. 609, 92 L.Ed. 1121.

reached. Mr. Justice Jackson writing for the majority observed that "the question whether interest might, on proper application, have been allowed, is not reached",[10] and Mr. Justice Rutledge for the dissent pointed out:

"The extent to which the section [§ 811 now § 1961] gives interest is, of course, a distinct question, depending in this case on whether the section contemplates that the interest shall begin to run at one date or another. * * * Since the Court does not decide that question, I reserve decision upon it. But I dissent from the refusal to decide it now".[11]

In view of the foregoing the Court concludes, as did *Fassbinder*, that *Briggs* is not dispositive of the precise question now before the Court.[12] By virtue of the mandatory provisions of 28 U.S.C.A. Section 1961, interest attached as a legal incident to the original judgment of August 14, 1967, entitling the Plaintiff herein to interest from that date. This conclusion of the Court in no way varies or modifies the Court of Appeals mandate of February 20, 1969, since that mandate would have no reason to mention interest in view of the mandatory nature of Section 1961.

█ In his Motion, the Plaintiff also seeks as taxable costs, in addition to the costs taxed by the Court of Appeals, the fees he was compelled to pay his expert witnesses to testify at the second trial. Such fees are not recoverable as taxable costs.[13] The Plaintiff's Motion is therefore denied in this respect.

Premises considered, it is by the Court this 6th day of February, 1970:

Ordered, That the Plaintiff recover from the Defendant the sum of $80,000.-00 with interest at the legal rate of 6% from August 14, 1967, plus costs not including expert witness fees incurred for the second trial of this cause.

10. 334 U.S. at p. 307, 68 S.Ct. at p. 1040, 92 L.Ed. at p. 1405.

11. 334 U.S. at p. 313, 68 S.Ct. at p. 1043, 92 L.Ed. at p. 1409.

12. For other cases holding that *Briggs* is not controlling on this point see: Givens v. Missouri-Kansas-Texas R. Co. of Texas, 196 F.2d 905 (5th Cir. 1952); Wright v. Paramount-Richards Theatres, Inc., 198 F.2d 303 (5th Cir. 1952); Brown & Root, Inc. v. American Home Assurance Co., 321 F.2d 814 (5th Cir. 1963); for cases *contra* on this point see: Powers v. New York Central Railroad Co., 251 F.2d 813, 76 A.L.R.2d 1207 (2nd Cir. 1958); and Lee v. Terminal Transport Co., 301 F.2d 234 (7th Cir. 1962).

13. Henkel v. Chicago, St. Paul, Milwaukee & Ohio Railroad Co., 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932); Department of Highways v. McWilliams Dredging Co., 10 F.R.D. 107 (W.D.La.1950), aff'd., 187 F.2d 61 (5th Cir. 1951); Firtag v. Gendleman, 152 F.Supp. 226 (D.C.D.C.1957); Green v. American Tobacco Co., 304 F.2d 70 (5th Cir. 1962); Moore's Federal Practice, Vol. 6, § 5477(5), p. 1367.