**Neil H. BUCK, Appellant,**

v.

**Maurice E. BURTON, an Individual, and Arrow-Mayflower Transit Company, Inc., a corporation, Appellees.**

No. 84–1693.

United States Court of Appeals, Eighth Circuit.

July 22, 1985.

have facts before us sufficient enough to rule on this issue. The district court should deal with the question on remand.

Stephen W. Plambeck, Fargo, N.D., for appellant.

Michael J. Morley, Grand Forks, N.D., for appellees.

Before HEANEY, ROSS and FAGG, Circuit Judges.

## ORDER

On February 27, 1985, we filed an unpublished opinion in this case holding that the district court had improperly granted judgment n.o.v. in favor of defendant-appellee Maurice E. Burton, 760 F.2d 273. Although our mandate reversed the district court's grant of judgment n.o.v. and conditional grant of a new trial, we failed to include instructions with respect to the allowance of post-judgment interest as required by Federal Rule of Appellate Procedure 37. Plaintiff-appellant Neil H. Buck has petitioned this court to recall our mandate for the purpose of providing directions on interest. We agree that it is appropriate to do so.

Judgment was entered on the jury verdict on March 2, 1984, with prejudgment interest being awarded at the rate of 6%. The district court entered judgment n.o.v. on May 3, 1984, and our mandate reversing the judgment n.o.v. was issued on May 6, 1985. Buck requests that our instructions provide for "post-judgment interest from the date the original judgment was first entered" while Burton suggests that if Buck is entitled to post-judgment interest at all, interest should run from the date of entry of judgment on this court's mandate reversing the judgment n.o.v. We conclude that Buck is entitled to interest running from the date of entry of judgment on the original jury verdict.

Title 28, section 1961 of the United States Code provides that interest "shall be allowed on any money judgment in a civil case recovered in a district court," to "be calculated from the date of the entry of the judgment." It is unclear under the circumstances of this case whether the "date of the entry of the judgment" referred to in section 1961 is as Buck contends, the date of entry of judgment on the original verdict, or as Burton contends, the date of entry of judgment on this court's mandate reversing the judgment n.o.v.

Our circuit has not specifically ruled on this issue. While the Second Circuit has interpreted section 1961 to permit allowance of interest only from the date of entry of judgment on the appellate court mandate, *Powers v. New York Central Railroad*, 251 F.2d 813, 818 (2d Cir.1958), the Ninth Circuit, as well as the Fifth Circuit, take a contrary view, *Turner v. Japan Lines, Ltd.*, 702 F.2d 752 (9th Cir.1983); *Louisiana & Arkansas Railway v. Pratt*, 142 F.2d 847 (5th Cir.1944).

In *Turner v. Japan Lines, Ltd.*, the Ninth Circuit recognized that "[t]he purpose of awarding interest to a party recovering a money judgment is, of course, to compensate the wronged person for being deprived of the monetary value of the loss from the time of the loss to the payment of the money judgment." *Id.* at 756 (citations omitted). "Where judgment is entered promptly on the verdict, section 1961 ensures that the plaintiff is * * * compensated for being deprived of the monetary value of the loss from the date of ascertainment of damages until payment by defendant." *Id.* When the initial ascertainment of damages is upheld, as in this case, by the reversal of a judgment n.o.v., "but a delay occurs between the date of that

ascertainment and the date of the eventual entry of judgment based on that ascertainment, the result [under section 1961] should not differ." *Id.* The equities of the situation dictate that the successful plaintiff receive interest on the loss of the use of the money judgment from the date damages were ascertained—that is, the date upon which plaintiff's original judgment should have been entered had the district court not erroneously granted judgment n.o.v. *See id.*

We adopt the analysis of the Ninth Circuit in *Turner*, and conclude that Buck is entitled to post-judgment interest running from March 2, 1984, the date of entry of judgment on the original jury verdict. Accordingly, we grant Buck's petition to recall our mandate and direct issuance of an amended mandate containing an additional provision for post-judgment interest running from March 2, 1984, to the date of payment of the money judgment.