**UNITED STATES OVERSEAS AIR-LINES, Inc., Ralph W. E. Cox, Jr., R. W. E. Cox, Letitia Cox, co-partners doing business as Ocean Air Tradeways; and Ralph Cox, Jr., Letitia H. Cox, Rebekah L. McSweeney and Andrew L. Cox, a partnership, doing business under the firm name and style of Ocean Air Tradeways, Plaintiffs,**

v.

**COMPANIA AEREA VIAJES EXPRESOS DE VENEZUELA, S.A., Aerovias Venezuela Europa and Jorge Marcano, Defendants.**

United States District Court
S. D. New York.

Feb. 7, 1958.

Dickstein, Shapiro & Friedman, New York City, for plaintiffs and judgment debtors. Sidney Dickstein, New York City, of counsel.

Hale Stimson, Russell & Nickerson, New York City, for defendants and judgment creditors. Eugene H. Nickerson, New York City, and Ruth H. Joseph, New York City, of counsel.

Edwin Jason Dryer, New York City, for Dana P. Kelly, attachment creditor, Daniel Gersen, New York City, of counsel.

William L. Wallace, New York City, for Fidelity & Deposit Co. of Maryland, surety.

Jacob M. Dinnes, temporary receiver, pro se.

Sidney Posner, New York City, for Sheriff of the City of New York, H. William Kehl, New York City, of counsel.

**514**

HERLANDS, District Judge.

This motion by judgment debtors involves a judgment obtained in this Court which, inclusive of interest, now amounts to approximately $216,500. The judgment creditors and the judgment debtors, as well as two other persons asserting claims to the judgment, disagree as to the procedure by which the judgment may be satisfied and the proceeds thereof disbursed and distributed to the judgment creditors and to the two other claimants who are asserting rights vis-à-vis the judgment creditors.

In the original action, there were two defendants (now judgment creditors)— a corporate defendant, Compania Aerea Viajes Expresos de Venezuela, S. A., Aerovias Venezuela Europa, and an individual defendant named Jorge Marcano. These defendants will be called respectively the "corporate defendant" and the "individual defendant." The distinction between the two defendants takes on added significance because a temporary receiver of the corporate defendant's interest (local assets) in the judgment herein has been appointed by the New York Supreme Court.

The judgment herein was rendered in favor of both the corporate and individual defendants upon their counterclaim against the plaintiffs (now judgment debtors) for the sum of $153,234.53, together with interest from September 15, 1951, with costs taxed at $1,068.36. This judgment was filed in this Court on September 7, 1956.

Execution of the judgment was stayed pending appeal (Fed.Rules Civ.Proc. rule 62, 28 U.S.C.A.). A supersedeas was filed by Fidelity and Deposit Company of Maryland. This bonding company, by virtue of its having posted the aforementioned bond, has appeared on the present motion as a co-movant with the judgment debtors.

The judgment of this Court was affirmed by the Court of Appeals on August 6, 1957 (246 F.2d 951). A further stay of execution was granted by a Justice of the Supreme Court, pending petition for a writ of certiorari. A fur-ther bond was filed by the bonding company. The petition for a writ of certiorari was denied on December 9, 1957, 355 U.S. 893, 78 S.Ct. 266, 2 L.Ed.2d 191. The stay of execution of judgment has now expired.

We now recite the circumstances giving rise to the outsiders' claims to this judgment and the resulting dilemma of the judgment debtors and the bonding company.

The Claim of Dana P. Kelly

On or about October 25, 1957, a warrant of attachment was issued by order of a New York Supreme Court Justice in an action commenced by said Kelly, as plaintiff, against the corporate defendant and the individual defendant herein. This warrant of attachment attached all the property, rights, etc., which said two defendants (the judgment creditors herein) had in any property or chose in action which was in the possession or control of plaintiffs herein (the judgment debtors) and in the possession or control of the bonding company.

The said warrant of attachment was served on plaintiffs and the bonding company on October 28, 1957 by the Sheriff of the City of New York and reserved on December 10, 1957. Plaintiffs herein, on or about November 11, 1957, certified to the Sheriff that they were judgment debtors upon the judgment issued in favor of the defendants herein.

The Claim of Herschel C. Patton

On January 8, 1958, an action was commenced in the New York Supreme Court by Herschel C. Patton against the corporate defendant herein. The individual defendant herein was not named as a defendant in the Patton action. On January 8, 1958, an order was signed by a New York Supreme Court Justice appointing a temporary receiver (Jacob M. Dinnes) of the local assets of the said corporate defendant within the State of New York (New York Civil Practice Act § 977–b). On January 9, 1958, the plaintiffs herein and the bonding company were served with a copy of the order appointing the said temporary receiver.

**The Dilemma of the Bonding Company**

On January 11, 1958, the attorney for the defendants herein (the judgment creditors) advised the bonding company (Exhibit "A" attached to the moving papers) that, if the bonding company made any payment to the above-mentioned temporary receiver, such payment would be at the risk and peril of the bonding company, and that the bonding company would be held responsible to the defendants herein if said defendants (as judgment creditors) were unable to obtain from the bonding company the amount of the judgment which the bonding company had bonded.

**The Dilemma of the Plaintiffs (Judgment Debtors)**

Plaintiffs had originally turned over to the bonding company an amount sufficient to collaterize the bond. As judgment debtors, plaintiffs now desire to have the judgment paid and satisfied in order to terminate the further running of interest on the judgment and to disentangle themselves and the bonding company from the conflicting claims to the proceeds of the judgment.

Accordingly, plaintiffs and the bonding company have moved the Court to enter an order (1) permitting plaintiffs and the bonding company to pay the amount due upon said judgment into the Register of this Court (subject to payment upon the further order of this Court, as the interests of the various claimants upon and to the said funds may appear) and (2) directing the Clerk of this Court to satisfy the judgment herein upon said payment into the Register of the Court.

It is necesary to point out that the only application before this Court is one to have the Court authorize the "plaintiffs to pay the amount of said judgment and costs and interest thereon into court pursuant to the provisions of Rule 67 of the Federal Rules of Civil Procedure; to have the issuance of writs of execution on the aforesaid judgment stayed; to have execution of any writs of execution heretofore issued upon the aforesaid judgment stayed; to have the aforesaid judgment declared satisfied of record; and discharging the obligation of the surety upon the bonds filed herein; * * *." In deciding this motion, the Court will not and cannot adjudicate the separate and distinct question of who may ultimately be entitled to the proceeds of all or any part of the judgment. That question—involving a determination of the respective distributive shares of rival claimants to the proceeds of the judgment—is not now before the Court.

■ Both F.R.C.P., Rule 67, and Rule 14 of the General Rules of the United States District Court, Southern District of New York, authorize the deposit into Court of a sum of money. Rule 67, especially when read in conjunction with 28 U.S.C.A. § 2041, is broad enough to authorize the payment into court of a judgment, notwithstanding that there are adverse claims to the proceeds of the judgment. This conclusion is fortified by the following provision in General Rule 14:

"Satisfaction of a money judgment recovered * * * in this district shall be entered by the clerk, as follows: (a) Upon the payment into court of the amount thereof, plus interest, * * *."

■ The foregoing rules should be applied fairly and equitably to the present situation: although ready, willing and able to pay the judgment, the judgment debtors and their surety are in doubt as to whom it should be paid, simply because creditors of the judgment creditors are asserting conflicting claims thereto. Cf. New York Civil Practice Act, § 530 (4); 7 Carmody-Wait, Cyclopedia of New York Practice, section 178. The dilemma is not of the judgment debtors' making. If payment into court were not permitted, interest would continue to run at the rate of $32 a day in face of the fact that the judgment debtors and their surety stand ready to pay the judgment. The judgment debtors should not be so penalized. They should be permitted to pay the amount of the judgment into court and to have the Clerk enter a satisfaction of judgment.

By authorizing the amount of the judgment to be deposited into court, the Court does not thereby prejudice or prefer any claimant to the fund represented by the deposit. Whatever rights any such claimant or the judgment creditors may have are preserved intact, unaffected by the circumstance that the judgment is now represented by money *in custodia legis*. As custodian, the Clerk of the Court acts only as a stakeholder.

The determination of the respective distributive rights and claims of the judgment creditors and their creditors (including the attaching creditor and the temporary receiver) must await the outcome of such other and appropriate proceedings as any of the interested persons may commence if so advised.

Accordingly, the motion is granted. Further interest on the judgment shall stop running upon payment into court of the amount of the judgment and interest to the date of such payment, subject to any stipulation entered into by the parties.

Settle order on notice, incorporating provisions in accordance with the foregoing opinion and decision.