George W. FASSBINDER, Plaintiff,

v.

PENNSYLVANIA RAILROAD COMPANY, a corporation, Defendant.

Civ. A. No. 17300.

United States District Court
W. D. Pennsylvania.

Aug. 27, 1964.

See also D.C., 193 F.Supp. 767, reversed 3 Cir., 322 F.2d 859.

Thomas J. Joyce, of McArdle, Harrington, Feeney & McLaughlin, Pittsburgh, Pa., for plaintiff.

V. C. Short, of Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

On September 16, 1963, the United States Court of Appeals for this Circuit handed down the following Judgment and Mandate in Fassbinder v. Pennsylvania Railroad Company, 322 F.2d 859 (3d Cir. 1963):

"JUDGMENT

"This cause came on to be heard on the record from the United States District Court for the Western District of Pennsylvania and was reargued by counsel.

"On consideration whereof, it is now here ordered and adjudged by this Court that the judgment of the District Court entered in favor of defendant on June 27, 1961, pursuant to the jury's verdict at the second trial, in this case be, and the same is hereby vacated; the Order of the District Court, filed May 1, 1961, granting defendant's Motion for a New Trial be and the same is hereby reversed and the cause remanded with directions to reinstate the judgment of the District Court entered April 27, 1961,

in favor of the plaintiff and against the defendant in the sum of $11,750, with costs, pursuant to the jury's verdict on April 21, 1961. Costs in this Court to appellant."

█ It seems obvious to us that the reinstatement of the original judgment operated to restore the legal relationship existing between the parties, nunc pro tunc, as of April 27, 1961. The necessary consequence, per 28 U.S.C. § 1961,[1] is that interest ran from that date to the date of payment of the judgment, at the rate of 6%.

The many cases cited by the defendant, all emanating from Briggs v. Pennsylvania R. Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403, require no different result. Neither in Briggs nor in its progeny did a situation exist wherein the District Court had entered a judgment which, after being erroneously vacated, was subsequently ordered reinstated by mandate of a Court of Appeals. The fact that entry of a judgment is a prerequisite to the running of interest thereon can scarcely be disputed.

Our determination in no way deviates from or modifies the mandate of the Court of Appeals. The determination of the Court of Appeals that the judgment entered on April 27, 1961, stands is clear. Equally clear is the *Congressional mandate* (§ 1961) that interest be calculated from the date that said judgment was entered.

██ Defendant also contends that it should not have to pay interest for the period from October 8, 1963 to February 10, 1964 (date of payment of judgment). It claims that its counsel advised counsel for plaintiff on October 8, 1963 (five days after the mandate of the Court of Appeals was issued to the Clerk of this court) that it would pay the full amount of the judgment and

1. "§ *1961. Interest*
"Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law. June 25, 1948, c. 646, 62 Stat. 957."

costs and that such payment was post-poned until February 10, 1964, because of an alleged delay on the part of plaintiff's counsel in procuring a court order directing distribution of the proceeds to the plaintiff's widow. We find no merit in this contention. Defendant has not submitted any affidavit averring facts which would make it inequitable to require it to pay interest for that period of time. Had defendant desired to stop the running of interest, it could have paid such amounts into court upon receipt of the mandate of the Court of Appeals. Cf. United States Overseas Air. v. Compania Aerea Viajes E., 161 F.Supp. 513 (S.D.N.Y.1958); Los Angeles Soap Co. v. United States, 56 F.Supp. 260 (S.D. Cal.1944), rev'd on other grounds, 153 F.2d 320 (9th Cir. 1946). Rule 67, Fed. R.Civ.P., when read in conjunction with 28 U.S.C. § 2041, is certainly broad enough to authorize the payment into court of a judgment and costs in order to stop the running of interest thereon if such is desired.

An appropriate order will be entered.