**Lucille M. PAGE et al.**

**v.**

**A. H. ROBINS COMPANY, INC.**

**Civ. A. No. 78–1043–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Jan. 21, 1980.

Sa'ad El-Amin, Richmond, Va., for plaintiffs.

William A. Forrest, Jr., James P. McElligott, Jr., W. Carter Younger, William E. Twomey, Jr., McGuire, Woods & Battle, Richmond, Va., for A. H. Robins Co., Inc.

## MEMORANDUM AND ORDER

WARRINER, District Judge.

Lucille Page and Percell Williams have appealed a judgment entered against them by this Court on 29 October 1979. Appellee A. H. Robins Company, Incorporated, has moved this Court for an order requiring appellants to file a bond in the amount of $2,500 to ensure payment of its costs. Fed. R.App.P. 7. Appellants, *pro se*, have responded to appellee's motion with the assertion that they "cannot possibly post the bond of $2,500 for the appeal" and that such a requirement "would create a financial burden," presumptively foreclosing an appeal.

Effective 1 August 1979, new Rule 7 of the Federal Rules of Appellate Procedure states that "[t]he district court may require an appellant to file a bond or provide other security in such form and amount as it finds necessary." As the language of Rule 7 suggests, the purposes of an appeal bond is to provide an appellee security for the pay-

ment of such costs as may be awarded to him in the event that the appellant is unsuccessful in his appeal. *See generally* 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 207.02 at 1302.

Rule 7 does not condition the right to an appeal on the filing of an appeal bond.[1] Rather, Rule 7 leaves the question of whether a bond should be imposed, and if so, the amount of the bond, to the sound discretion of the district court. These decisions are not without consequence. Requiring too large a bond may have the undesirable effect of discouraging meritorious appeals. Requiring too small a bond, or no bond at all, may encourage frivolous, time-consuming, harassing appeals.

A logical counterpart to Appellate Rule 7 is Appellate Rule 24, which pertains to appeals *in forma pauperis*. Under Rule 24(a)[2], an appellant who desires to proceed on appeal at government expense must file an affidavit showing, in some detail, his inability to finance the appeal himself. The affidavit provides the factual basis that enables the judge to render a reasoned decision on the motion.

■ On the basis of the record before it, the Court is unable to determine the appellants' ability to post security in the amount requested by the appellee. Rather than imposing a bond of arbitrary amount—an amount which could bear adversely on the appellants' right to appeal—the Court will direct appellants, within 15 days, to comply with the requirements of Rule 24(a) of the Federal Rules of Appellate Procedure. Should appellants fail so to respond, the Court will enter an order directing that appellants post a bond in the amount heretofore requested by the appellee.

AND IT IS SO ORDERED.

---

1. The general rule is that the district court is divested of power to act after a notice of appeal is filed. Fed.R.App.P. 3(a). Appellate Rules 7, 8, 10, and 11, which expressly authorize district court action in aid of an appeal, represent exceptions to the general rule. See J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ ¶ 203.11, 203.12 (1975).

2. A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave so to proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, his inability to pay fees and costs or to give security therefor, his belief that he is entitled to redress, and a statement of the issues which he intends to present on appeal. If the motion is granted, the party may proceed without further application to the court of appeals and without prepayment of fees and costs in either court or the giving of security therefor. If the motion is denied, the district court shall state in writing the reasons for the denial. Fed.R.App.P. 24(a).