**F.H. KREAR & COMPANY, Plaintiff,**

v.

**NINETEEN NAMED TRUSTEES, etc., Defendants.**

**No. 79 Civ. 6687 (SWK).**

United States District Court, S.D. New York.

Jan. 20, 1989.

---

Gallet & Dreyer, New York City (Robert N. Swetnick, of counsel), for plaintiff F.H. Krear & Co.

Steel Bellman & Levine, P.C., New York City (Lewis M. Steel, of counsel), for defendants.

## OPINION AND ORDER

SHARON E. GRUBIN, United States Magistrate.

Plaintiff F.H. Krear & Company brought this case to recover damages for breach of contract, and the court bifurcated proceedings so that trial would be held first on the merits of that claim and then on the amount of attorney's fees required to be awarded to the prevailing party pursuant to a contractual provision therefor. The merits of the contract claim were tried to a jury before the Honorable Shirley Wohl Kram of this court in 1985, and plaintiff prevailed. On February 25, 1985 judgment was entered awarding plaintiff $269,400 together with prejudgment interest of $93,783, for a total of $363,183. Defendants filed an appeal at that time which was dismissed by the Second Circuit Court of Appeals because there had not been a final judgment. The court held that "where attorneys' fees are a contractually stipulated element of damages, a judgment is not final until the fees have been determined." *F.H. Krear & Co. v. Nineteen Named Trustees*, 776 F.2d 1563, 1564 (2d Cir.1985) (per curiam). Thereafter, the parties waived their right to further jury trial and submitted the issue of the amount of attorneys' fees to Judge Kram for determination, and on March 18, 1986 judgment was entered for attorneys' fees and expenses in the amount of $452,820.

Defendants then again filed an appeal that was decided by the same circuit panel which had dismissed the first appeal. In an opinion rendered January 20, 1987 the court of appeals affirmed the award on the merits but ordered a reduction of the amount fixed as attorneys' fees. *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250 (2d Cir.1987). The opinion stated, in pertinent parts:

[W]e affirm so much of the judgment as awarded damages, plus interest, of $363,183 to Krear ...; we vacate the award of attorneys' fees and remand for entry of a modified judgment awarding Krear $261,518 in attorneys' fees and expenses....

810 F.2d at 1254.

The judgment of the district court is affirmed insofar as it awarded Krear $363,183 ... in damages plus prejudgment interest, and is modified to provide that the [defendants] are ordered to pay Krear $261,518 in attorneys' fees and

expenses.... As modified, the judgment is affirmed.

*Id.* at 1270. Similarly, the court of appeals' mandate, entered January 20, 1987, provided, in pertinent part:

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged and decreed that the judgment of said District Court be and it hereby is affirmed as to contract damages modified as to attorneys' fees and expenses in accordance with the opinion of the court.

The mandate said nothing about post-judgment interest.[1] As a result of a dispute between the parties as to what interest was due to plaintiff, plaintiff filed a motion one week later in the court of appeals for "instructions" on interest pursuant to Rule 37 of the Federal Rules of Appellate Procedure. That Rule provides:

Unless otherwise provided by law, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to the allowance of interest.

Plaintiff's motion was denied by the circuit panel on February 11, 1987 without comment by means of a form order. The mandate was entered in this court on March 31, 1987. On May 1, 1987, defendants paid plaintiff the $363,183 and the $261,518, and satisfactions of judgment were filed. With respect to the $363,183, however, the document was entitled a "Partial Satisfaction of Judgment" and contained the notation that "the parties acknowledge that there is an issue as to whether interest remains unpaid."

That issue, now requiring resolution, is whether plaintiff is entitled to post-judgment interest on the $363,183 and, if so, from what date.[2] Defendants take the position that interest was due only from March 31, 1987, the date the court of appeals' mandate was entered in this court, until May 1, 1987, when the payment of the $363,183 was made. Plaintiff, on the other hand, seeks interest from February 25, 1985, the date the judgment awarding that sum was entered. Under the authorities in this circuit, I find that plaintiff must prevail.

Defendants argue that because the court of appeals modified the judgment of the district court but did not give instructions with respect to interest, under Fed.R. App.P. 37 plaintiff can recover no interest except from the date of the entry of the mandate. Defendants rely upon *Briggs v. Pennsylvania Railroad Co.*, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948). In *Briggs*, the plaintiff had obtained a money verdict, but the district court then granted a motion on which it had reserved decision to dismiss the complaint for lack of jurisdiction and entered judgment for defendant. The circuit court reversed the decision and directed entry of judgment on the verdict for plaintiff. The mandate made no provision for interest. On remand, the district court entered judgment, with interest from the date of the verdict. The Supreme Court held that because the circuit court's mandate contained no direction as to interest, "the trial court had no power to enter judgment for an amount different than directed." 334 U.S. at 306, 68 S.Ct. at 1040.

*Briggs*, however, does not govern this case. Herein a money judgment for plaintiff was entered in the district court from which the defendants appealed, while in *Briggs* the district court's judgment had been in favor of the defendant and no judgment for money had been entered until remand from the appellate court. The entry of the judgment herein triggered the mandatory provision of 28 U.S.C. § 1961 for interest from that date, a provision with which the *Briggs* Court did not have to

---

1. 28 U.S.C. § 1961(a) provides, "Interest *shall* be allowed on any money judgment in a civil case recovered in a district court" and that "[s]uch interest shall be calculated from the date of the entry of the judgment...." (Emphasis added.)

2. The parties are in agreement that no interest is recoverable on the $261,518 award of attorneys' fees.

deal. Section 1961's requirement that interest "shall be allowed on any money judgment" did not come into play in *Briggs.* The *Briggs* Court simply held that, absent a direction from the circuit court, no interest was recoverable from a date earlier (the date of verdict therein) than that on which the judgment for money was entered. (Presumably plaintiff Briggs did collect interest from the date of the judgment to the date of payment.) The same situation appertained in *Powers v. New York Central Railroad Co.,* 251 F.2d 813 (2d Cir.1958), on which defendants also rely. After a verdict for the plaintiff was returned, the district court granted the defendant a judgment n.o.v., but, on appeal, the court of appeals ordered the verdict reinstated and judgment to be entered for the plaintiff. The plaintiff requested that the mandate include a direction to award interest from the date the verdict originally had been returned. The court of appeals refused, explaining that in the Second Circuit the language of § 1961, providing for interest from the date of entry of a money judgment, is to be construed literally, and, hence, no interest can be awarded from a date earlier than that of entry of the judgment on which it is based. In *Powers,* as in *Briggs,* no such judgment had been entered until after appeal.

Neither of these cases addresses the situation we have here where a money judgment entered in the district court is affirmed in part and modified in part. The contention that defendants herein must necessarily make for purposes of Rule 37, that the court of appeals' decision simply "modified" the judgment of the district court, cannot be accepted. It appears to me the court of appeals was quite careful in saying that the judgment of the district court was affirmed as to the contract damages of $363,183 and was modified as to the attorneys' fees and, moreover, that "[a]s modified, *the judgment is affirmed.*" 810 F.2d at 1270 (emphasis added). I do not accept defendants' contention that the court of appeals' subsequent silent denial of plaintiff's motion for instructions on interest constituted a ruling that no interest was to be allowed. Rather, I construe the

denial as that court's determination that no instructions were necessary. Given the first sentence of Fed.R.App.P. 37, that if a judgment for money is affirmed interest allowed by § 1961 must be paid from the date that judgment was entered in the district court, there was no need for "instructions" which only come into play under the second sentence of Rule 37 when a judgment is modified or reversed.

The Second Circuit's decision in *Chemical Bank & Trust Co. v. Prudence–Bonds Corp.,* 213 F.2d 443 (2d Cir.), *cert. denied,* 348 U.S. 856, 75 S.Ct. 80, 99 L.Ed. 674 (1954), is elucidating. The case involved three objections to an accounting by Chemical Bank in connection with a bankruptcy reorganization. The district court, ruling in favor of the bank on the first claimed objection, partially in favor of the bank on the second and wholly against the bank on the third, entered judgment against the bank on December 19, 1952 for $262,760.17. On appeal the circuit court affirmed the determinations against the bank but, in addition, increased the amount of the award to the objectors under the second claim. The district court, in then entering a decree on the mandate on October 23, 1953, awarded interest from December 19, 1952, the date of entry of its original judgment, on both amounts. The bank appealed that decree, contending no award should receive interest for any time prior to entry of the decree on the mandate. The Second Circuit disagreed, holding interest from the original date proper on the aspect of the judgment it had affirmed:

> Since we affirmed the 1952 judgment in so far as it awarded recovery of $262,-760.17, we think the decree on mandate is correct in applying the 6% judgment rate from December 19, 1952. This accords with 28 U.S.C.A. § 1961 . . . .

213 F.2d at 444. However, with respect to the increased award that had not been part of the original judgment, the court held otherwise:

> We did not direct entry of judgment as of December 19, 1952. Until the decree on mandate was entered, the amount of the [award] was unliquidated, and no

duty to pay the 6% judgment rate of interest thereon arose.... Accordingly imposition of the 6% rate on items (2) and (3) from and after December 19, 1952 was not in accordance with the mandate. As to those items that rate should begin on October 23, 1953.

*Id.* at 444–45.

The more recent case of *Taylor v. Washington Terminal Co.*, 308 F.Supp. 1152 (D.D.C.1970), although not from this circuit, is, nevertheless, also elucidating. The trial court there had entered a judgment in favor of the plaintiff on a jury verdict, but subsequently vacated the judgment, held a new trial and entered another judgment on a second verdict for plaintiff but for a lesser amount. The court of appeals found the granting of the new trial to have been in error, vacated the second judgment and directed the district court to enter judgment based on the first verdict. The mandate gave no instructions as to interest. The plaintiff took the position that because interest was mandatory under 28 U.S.C. § 1961, the court of appeals had no reason to mention interest in its mandate because interest would attach to the original judgment as of its date of entry as a matter of law, while the defendant, relying upon *Briggs v. Pennsylvania Railroad Co.* like defendants herein, contended interest could only begin running from entry of the district court's decree after the mandate because the district court had no power to award interest from an earlier date as it would be varying the terms of the mandate. The court rejected the defendant's contention, explaining *Briggs* was inapplicable for the same reasons it is inapplicable herein—that a judgment for the plaintiff had not been entered in *Briggs* until after appeal so that the mandatory provisions of § 1961 had not come into play until it was entered. The court explained:

The many cases cited by the defendant, all emanating from Briggs v. Pennsylvania R. Co., require no different result. Neither in Briggs nor in its progeny did a situation exist wherein the District Court had entered a *judgment* which, after being erroneously vacated, was subsequently ordered reinstated by mandate of a Court of Appeals. *The fact that entry of a judgment is a prerequisite to the running of interest thereon can scarcely be disputed.*

308 F.Supp. at 1154, quoting *Fassbinder v. Pennsylvania Railroad Co.*, 233 F.Supp. 574, 575 (W.D.Pa.1964) (emphasis in original, citations omitted).

In conclusion, 28 U.S.C. § 1961(a) mandates that interest shall be allowed on any money judgment from the date of its entry in the district court. Rule 37 of the Federal Rules of Appellate Procedure mandates that if a money judgment is affirmed, interest payable under § 1961 shall be computed from the date the judgment was entered in the district court. The court of appeals' affirmance herein of that portion of the judgment entered February 25, 1985 that awarded plaintiff $363,183 compels the calculation of interest on that award from that date. By contrast, as the parties acknowledge, no interest can be awarded on the amount of attorneys' fees found due (except from entry of the decree on the court of appeals' mandate). This is so because the judgment entered March 18, 1986 on that claim was modified, not affirmed, by the court of appeals to direct entry of a different amount. As the court gave no instructions as to the allowance of interest on that amount, to award any prior to the time of entry of the decree on the mandate would be increasing the amount of damages found owing by the court of appeals, which, under the *Briggs* doctrine, the district court is powerless to do.[3]

---

**3.** Plaintiff's motion takes the form of requesting "pre-judgment" interest on the $363,183 from February 25, 1985 to March 18, 1986 and post-judgment interest on that sum from March 18, 1986 to the date of payment. This request appears to be based on a misunderstanding of the circuit court's decision and/or a mistaken belief that post-judgment interest under § 1961 may only run from the date of a final, appealable judgment in a case. Pre-judgment interest was already included in the judgment of February 25, 1985, representing $93,783 of the $363,183, and the judgment, entered that date, was effective that date (*see* Fed.R.Civ.P. 58). For reasons that I hope have become clear in the course of this opinion, plaintiff is entitled to interest from February 25, 1985, but that is the *post*-judgment interest mandated under § 1961.

64

Accordingly, defendants shall remit to plaintiff an amount determined by applying the applicable rate of interest pursuant to 28 U.S.C. § 1961 from February 25, 1985 to May 1, 1987.

IT IS SO ORDERED.