**JOHN PATRICK, Appellant**

**v.**

**JOHN ODATO WATER SERVICE & JOHN DOE, Appellees**

Dist. Ct. Civil No. 91-64

Terr. Ct. Civil No. 88-752

District Court of the Virgin Islands

Appellate Division, St. Thomas and St. John

June 28, 1991

KIRK NEWELL, ESQ., Fort Wayne, Indiana, *attorney for appellant*

JOEL W. MARSH, ESQ., St. Thomas, V.I., *attorney for appellee*

BROTMAN, *Acting Chief Judge, Sitting by Designation*

## MEMORANDUM AND ORDER

Presently before the court is a motion to dismiss filed by appellee John Odato Water Service (hereinafter "appellee") and an untimely

opposition and an unopposed motion for leave to post property bond filed by appellant John Patrick (hereinafter "appellant"). For the following reasons, the court will deny appellee's motion to dismiss with leave to refile under certain circumstances set forth below. Appellant's motion for leave to post property bond will be denied.

## A. *Motion to Dismiss*

Appellee's motion to dismiss is based upon a claim of failure to prosecute. Appellee contends that appellant's notice of appeal was filed on July 20, 1990, that to date, appellant has failed to post a bond of $5,000.00 required by the Territorial Court's order of October 12, 1990, and that appellant has done nothing further to perfect his notice of appeal as required by Rules 7, 8 and 10 of the Federal Rules of Appellate Procedure.[1]

Appellant responds that he and his attorney[2] suffer from financial difficulties. He states that he commenced trying to raise the required bond after the appeal was docketed by this District Court on March 14, 1991. Appellant's efforts included sending a March 19, 1991 letter to this Court inquiring as to the possibility of posting a property bond in lieu of cash. Appellant states that he did not receive a response to this letter. To date, said bond has not been posted.

Appellant states that the Territorial Court did not establish a deadline in its October 12, 1990 order by which said bond was to be posted. He asserts that dismissal for failure to post this bond would be a drastic and inequitable remedy. Moreover, appellant argues that having filed a February 11, 1991 notice of order of transcript, and having filed a statement of the issues with the instant opposition, he has achieved satisfactory compliance with Fed. R. App. P. 10(b). Appellant thus asserts that no prejudice or unnecessary delay has occurred and that appellee's motion to dismiss should be denied.

The Court's review of the record finds that other than the filing of the notice of appeal, appellant has failed to timely comply with Rules

---

[1] Under V.I. Code Ann. tit. 5, App. IV Rule 176 (Equity 1982),
"[a]ppeals from judgments of the territorial court to the district court shall be taken in the same manner and form and within the time provided in the Federal Rules of Appellate Procedure, and the Rules of the Third Circuit Court of Appeals supplementing the Federal Rules of Appellate Procedure. . ."

[2] Appellant states that his appeal encompasses a Territorial Court order of June 26, 1990 wherein sanctions were imposed jointly against counsel and appellant. The Court notes, however, that counsel for appellant does not appeal the June 26, 1990 order, individually, and thus will not be considered by this Court on an individual basis.

3(e), 7 and 10(b) of the Federal Rules of Appellate Procedure. Appellant's docket fee was paid over one month late. See Fed. R. App. P. 3(e). Additionally, appellant's notice of order of transcript was filed over seven (7) months late, see Fed. R. App. P. 10(b)(1), and appellant's statement of issues was filed over nine (9) months late. See Fed. R. App. P. 10(b)(3).

■ As noted by appellant, the Territorial Court did not set a deadline for the filing of the Rule 7 bond, nor the Court notes, is a deadline specified by Fed. R. App. R. 7. Nonetheless, there is cause to believe that this bond, if required, should be posted soon after the order requiring it is issued. See, e.g., 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure, § 3953. The Court finds that appellant has not made a seasonable effort to post the $5,000 bond. Appellant cannot rely upon his unsupported decision not to comply with the October 12, 1990 order of bond until after his appeal was docketed, nor can he cure his untimeliness by filing the instant motion for leave to post property bond.

The Court finds that appellant also failed to make a seasonable effort to assist in the transmission of the record from the Territorial Court to the District Court. Under Fed. R. App. R. 11, the record will not be transmitted by the trial court until it is complete. See Fed. R. App. P. 11. Appellant is required to assist the trial court clerk in assembling the record by complying with Rule 10(b) and, inter alia, filing a certificate with the trial court regarding the ordering of the transcript. See Fed. R. App. P. 11(a). As noted above, appellant did not make a timely effort to order said transcript. The Court therefore cannot give full credence to appellant's claim that no prejudice and delay have occurred.

■ Failure to timely comply with the Rules of Appellate Procedure "is grounds . . . for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." Fed. R. App. P. 3(a). Upon reviewing appellant's actions herein, the Court finds that grounds for sanctions exist. Nonetheless, such sanctions do not, at this time, rise to the extreme measure of dismissal. Appellant's performance to date suggests a clear and unacceptable disregard for the Federal Rules of Appellate Procedure, but his actions have not been shown to be willful. See Horner Equipment International v. Seascape Pool Center, Inc., 884 F.2d 89 (3d Cir. 1989). The Court will therefore deny appellee's motion to dismiss and allow appellant an additional opportunity in which to pursue his appeal.

Should there be further delay in the prosecution of this case, however, appellee is encouraged to refile its motion to dismiss. No requests for extensions of time shall be entertained by the Court.

B. *Motion for Leave to Post Property Bond*

In an untimely attempt to comply with the Territorial Court's October 12, 1990 order, appellant has filed the instant motion for leave to post property bond. Appellant states that he does not have the necessary cash to post the required supersedeas[3] bond and that he owns property located in Estate Fortuna Mill which has an "equity of redemption" worth approximately one million ($1,000,000.00) dollars. Appellant also submits a "statement in lieu of affidavit" made by appellant's counsel wherein counsel claims to be the beneficial owner and trustee of 62 Estate Fortune, which has an alleged "equity of redemption" of approximately $70,000.00.[4] Appellant petitions the Court to allow him to post the above properties as bond. Alternatively he asks that a lien be placed on the properties in lieu of the cash bond.

▪ Fed. R. App. P. 7 provides that court-ordered costs may be covered by the posting of a bond or "other security in such form and amount as [the court] finds necessary to ensure payment of costs." Because such bond is set to ensure the availability of payment of costs, it must be posted in a form that would allow for ease of conversion to cash. In seeking to post property as bond, or by placing a lien on said properties, appellants would be effectively defeating the purpose of Rule 7. In order to collect any court-awarded costs, appellee would be forced to initiate a foreclosure action, thereby incurring further litigation and costs.[5] The Court therefore finds that appel-

---

[3] The Court must correct appellant as to the purpose of the Rule 7 bond set herein by the Territorial Court. Appellant refers to this bond as a supersedeas bond, however, a review of Fed. R. App. P. 7, as well as pertinent case law, indicates that a Rule 7 bond is ordered to provide security for costs whereas a supersedeas bond is "filed to obtain a stay of execution of the judgment and must normally be in a sum sufficient to pay the judgment and costs, interest, and damages for delay." 9 Moore's Federal Practice ¶ 207.02; see also Page v. A.H. Robbins Co., 85 F.R.D. 139 (E.D. Va. 1988).

[4] The Court notes that counsel for appellant submits insufficient proof of counsel's interest with respect to 62 Estate Fortuna, St. Thomas.

[5] Moreover, the Court finds that appellant has failed at this time to demonstrate an interest in said properties sufficient to support a grant of his motion, were there practical reason to do so.

lant's motion for leave to post property bond is unacceptable and cannot be granted.

A preferable alternative, however, would be for plaintiff to obtain a surety bond, using said properties as security, and then filing a cash bond with the Court. Any suretyship, however, must be issued by an independent, resident surety. Cf. Ingvoldstad v. Estate of Young, 18 V.I. 346 (D.V.I. 1981). Being reluctant to dismiss this matter upon a procedural flaw such as failure to post bond, the Court will allow appellant an additional twenty-one (21) days in which to secure his bond.[6]

### C. *Conclusion*

An overall consideration of appellant's efforts to prosecute his appeal finds a consistent pattern of untimeliness and non-compliance with the Federal Rules of Appellate Procedure. Nonetheless, the Court finds that, at this time, appellant's omissions do not give the Court sufficient cause for dismissal under Rule 3(a). Should this pattern continue, however, appellee is free to re-file his motion to dismiss.

IT IS ORDERED:

THAT the motion to dismiss filed by appellee John Odato Water Service is DENIED WITH LEAVE TO REFILE.

THAT upon submission of an affidavit of fees and costs, appellee John Odato Water Service shall recover from appellant and his attorney, jointly and severally, all reasonable attorney's fees and costs incurred in the preparation of appellee's December 21, 1990 motion to dismiss filed with the Territorial Court and all reasonable fees and costs incurred in the preparation of the instant April 9, 1991 motion to dismiss.

THAT the motion for leave to post property bond filed by appellant is DENIED.

THAT appellant shall post the $5,000 bond required by the Territorial Court within twenty-one (21) days of the date of issuance of this Memorandum and Order. Proof of said posting of said bond shall be filed with this Court within five (5) days thereafter.

THAT the following briefing schedule shall be strictly followed by both parties:

---

[6] Appellant should confer with the clerks at the Territorial Court concerning the procedure for filing his bond.

Appellant's brief and appendix shall be served and filed within forty (40) days of the date herein.[7]

Appellees' brief shall be served and filed within thirty (30) days after service of appellant's brief.

Appellant's reply brief, if any, shall be served and filed within fourteen (14) days after service of appellees' brief.

[7] Seven (7) copies of each brief shall be filed with the Clerk and one (1) copy served on counsel for each party. Proof of service must accompany all documents submitted for filing with the Court pursuant to Fed. R. App. P. 25.