**GOLINDA JOSEPH, Plaintiff**

**v.**

**GUARDIAN INSURANCE COMPANY, Defendant**

Civil No. 385/1991

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

March 21,1995

MAURICE CUSICK, ESQ., (ROHN & CUSICK), Christiansted, St. Croix, U.S.V.I., *for plaintiff*

BETHANY J. VAZZANA, ESQ., (LAW OFFICES OF WILFREDO GEIGEL), Gallows Bay, St. Croix, U.S.V.I., *for defendant*

CABRET, Judge

### MEMORANDUM OPINION

Judgment was entered in this case following a jury verdict for the plaintiff. Defendant appealed unsuccessfully and now moves

this Court to determine how the judgment shall be satisfied. It is the defendant's position that the judgment now due, following its failed appeal, is limited to the original judgment of $23,577.75, attorney's fees awarded in the amount of $10,095.80 and $157.80 in interest which accrued on these amounts from the date each was awarded until the date it posted a supersedeas bond in the amount of $32,000.00. In other words, the defendant contends that all responsibility it had to pay interest on the judgment at the legal rate of 9%[1] was absolved by its posting of the $32,000.00 supersedeas bond.

It is plaintiff's contention that the law provides for interest at the legal rate on all judgments, which continues to accrue until the judgment is paid, notwithstanding any deposit made to the court.

## ANALYSIS

It is apparent from the line of cases on which the defendant relies that it fails to appreciate the character of the deposit, which was a supersedeas bond required to stay plaintiff's execution of the judgment. None of the cases cited address the posting of a supersedeas bond pursuant to FEDERAL RULE OF CIVIL PROCEDURE 62(d). The defendant's original Motion Requesting Permission to Post Bond, dated March 25, 1993, however, clearly speaks of "a cash bond in the amount of the judgment to stay execution proceedings while this matter is on appeal", which is precisely the subject of Rule 62(d). (Defendant's Motion Requesting Permission to Post Bond, March 25, 1993). Accordingly, case law construing that rule controls this dispute.[2]

■ ■ All of the cases relied upon by the defendant refer to FEDERAL RULE OF CIVIL PROCEDURE 67. The purpose of that rule is "to relieve the depositor of responsibility for a fund in dispute." 12 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2991 (1973). The

---

[1] VIRGIN ISLANDS CODE ANN. tit. 5, § 426 (1993 Supp.)

[2] Interestingly, plaintiff objected to the amount of the proposed bond and requested that the Court order a bond which included not only the judgment amount, but also the amount of the award for costs and fees, *plus a reasonable calculation of the amount of post judgment interest expected to accrue during the period of the appeal,* which request is in accordance with the controlling law. (Plaintiff's Objection to Defendant's Motion for Permission to Post Bond) (emphasis added).

depositor here was making the deposit for the express purpose of maintaining responsibility for the money and preventing the plaintiff from acquiring it through execution. Therefore, Rule 67, while facially applicable to this dispute, does not have as its purpose the protection of the prevailing party during the appeal period, as does Rule 62(d).

Both parties cite cases which they claim are on point. While the holdings appear to be applicable, all of the cited cases can be easily distinguished on their facts. Defendant first cites *Kostopoulous v. Astria Shipping Co. S.A.*, 467 F.2d 91 (2d Cir. 1972) for the proposition that interest stops running after the judgment amount is posted in court. However, a careful reading of *Kostopoulous* reveals that in that case, the plaintiff had prevailed but was unsatisfied with the amount of the judgment. He refused to accept payment of the judgment amount and appealed. The *appellee*, willing to pay the judgment amount, was ordered to post the funds with the court. It was undisputed that at least that amount of money was owed and appellee was making no claim to it. Moreover, the interest dispute which arose in this case went to interest owed on the judgment between the date of judgment until the date the money was posted. Thus, the holding is not even based upon the period that the funds were in the court's registry.

*Fassbinder v. Penn. Railway Co.*, 233 F. Supp. 574 (W.D. Pa. 1964) is also purported to uphold the defendant's position. In this case the judgment debtor was willing to pay the judgment directly to the prevailing plaintiff but plaintiff's counsel held up the process by failing to speedily procure a court order regarding how the payment was to be made. Here, again, it was the prevailing party which held up the payment of the judgment by the debtor, who was willing to pay. In the case cited as authority in *Fassbinder*, the same type of facts were present.[3]

In *Reliable Marine Boiler Repair v. Martin Co.*, 325 F. Supp. 58 (S.D.N.Y. 1971), the court did refuse to require the payment of interest on res where it had been in possession of the court for substantially the entire period of the lawsuit. However, during this

---

[3] *See, U.S. Overseas Airlines, Inc. v. Compania Aerea Viajes Expresos de Venezuela*, 161 F. Supp. 513 (SDNY 1958) (Judgment debtor was ready, willing and able to pay judgment but creditors of judgment creditor were making conflicting claims to the fund.)

entire period the suit was ongoing and no determination had been made as to which party had a right to the res. There had not been a judgment and no appeal period was involved. The Court specifically limited its holding that no interest could be awarded to the specific facts of this case.

The final case cited by defendant is clearly inapposite. *Mateo v. M/S Kiso*, 805 F. Supp. 761 (N.D. Cal. 1991) dealt not with the running of interest on a judgment but with the tolling of a penalty which accrues over time.

Plaintiff, in refuting defendant's claims, also cites cases which are factually irrelevant. The facts of *U.S., For Use of A.C. Garrett v. Midwest Construction Co.*, 619 F.2d 349 (1980) differ in many key aspects from the case at bar. In *A.C. Garrett* the defendant moved, during the course of the litigation, to deposit money it admittedly owed on a contract with the court. A judgment was entered six months later before the motion was granted or the money deposited. The plaintiff moved for interest on the money from the date of the motion until the date of the judgment. No issue of post judgment interest, funds posted on appeal or anything related to the instant case was raised.

*Atlin v. Security-Conn Life Ins. Co.*, 788 F.2d 139 (3d Cir. 1986), despite being a Third Circuit case, is no more controlling than the previously distinguished cases, for it is clearly an interpleader case which arose from conflicting claims to an insurance award. There is no legal justification for requiring a stakeholder in an interpleader action to pay interest on the fund since he is clearly disclaiming any right to it.

■ The parties herein have needlessly confused the issue of this case with their citations of factually inconsistent federal law. The deposit at issue was made at the order of a Territorial Court judge in a Territorial Court case, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 62(d), a Territorial Court rule by adoption. Therefore, the law which should be looked to first is local law. Our case law is definitive on the purpose and nature of a supersedeas bond. "Because of the very nature of the supersedeas bond, certain conditions are ordinarily imposed. . . . The [supersedeas] bond shall be conditioned for the satisfaction of the judgment in full, costs, *interest and damages for delay*, if for any reason the appeal is

dismissed . . ." *Joseph Phillip v. Germain Cherry*, No. 299-91, slip op. at 2 (D.V.I. Jan. 27, 1992) (emphasis added). The District Court in this case set the bond at an amount which it noted represented "interest and damages for delay on satisfaction of judgment calculated at the rate of nine percent for an estimated appeal-period of one year." *Id.* at note 2.

■ In another case our District Court, in explaining the difference between an appeal bond and a supersedeas bond, stated "a supersedeas bond is filed to obtain a stay of execution of the judgment and must normally be in a sum sufficient to pay the judgement and costs, interest, and damages for delay." *Patrick v. John Odato Water Service*, 26 V.I. 361 (D.V.I. 1991) (quoting 9 MOORE's FEDERAL PRACTICE, § 207.02).

■ It is clearly evident that no allocation would be required for interest which accrues as a result of the appeal induced delay if the accrual of interest were to be tolled by the posting of the bond, as the defendant suggests. Also, given the current differential between the prevailing interest rates earned on deposits and the legal rate of nine percent, of which the Court takes judicial notice, the defendant's view of the law would have judgment debtors rushing to court to post supersedeas bonds upon the filing of their appeals, thereby substantially reducing their eventual liability to the judgment holders.

The issue of who is liable for the payment of prevailing interest which was or should have been earned on the amount on deposit, which arose due to confusion about whether or not the funds were placed in an interest-bearing account, appears to have resolved itself with the discovery that the account does, indeed, bear interest. Therefore, the Court need not address that dispute. Whatever interest has been earned on the account will be applied toward the nine percent interest owed.

## CONCLUSION

■ The longstanding practice of this Court, in accordance with the law stated herein, has been to require the posting of a supersedeas bond in an amount from which a prevailing appellee could recover his or her total judgment, including any costs and

53

fees awarded, plus interest at the legal rate from the date of judgment until the date it is finally paid to him or her. If the bond is later found to be insufficient, through an underestimate of the time required for appeal, for example, the judgment debtor is required to pay any balance which is not covered by the bond. There is simply no authority for holding otherwise. An appropriate order shall enter.

### ORDER

THIS MATTER is before the Court on Defendant's Motion for Sanctions. The Court being fully informed and the premises otherwise considered, it is hereby

ORDERED that the motion is DENIED.

DONE AND SO ORDERED this 21st day of March, 1995.